43 P.(2d) 927

## GALLUP AMERICAN COAL CO. v. BEALL
### et al.
### No. 4084.

Supreme Court of New Mexico.

April 11, 1935.

Harris K. Lyle, of Gallup, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for appellees.

WATSON, Justice.

Appellant is a corporation engaged in coal mining; also in generating electrical energy. Laws 1934, Sp. Sess., c. 7, imposes excises upon the privilege of engaging in the different businesses, professions, trades, and callings, including these, in amounts to be determined "by the application of rates against gross receipts." Section 201. The state tax commission having exacted certain sums from appellant by virtue of that statute, appellant paid them under protest and sued to recover them. The appeal is from à final judgment after a demurrer to the complaint had been sustained and after appellant had declined to plead further.

These are the exactions complained of: First, that in computing gross receipts of appellant's business of coal mining there have been included sales made to agencies or instrumentalities of the United States. Second, that in computing gross receipts of appellant's business of coal mining, there have been included sales made to agencies or instrumentalities of the state of New Mexico. Third, that in addition to one-eighth of one per cent. of the gross receipts of the sales of electrical energy to others for resale under section 201, subd. C of the act, and to 2 per cent. of the gross receipts of sales of electrical energy to consumers under section 201, subd. E of the act, there has been exacted one-fourth of one per cent. of the gross receipts of sales of both kinds, in mistaken reliance upon section 201, subd. B of the act.

Under appellant's first claim of error, two propositions are urged. First, that the state lacked power "to impose a tax measured by the receipts for coal produced and sold to the United States Government." Second, that the statute itself, correctly interpreted, excludes such sales from the computation of gross receipts.

It is the first of these propositions that has been most elaborately argued by counsel and that both sides appear more than willing to have decided. Nevertheless, we consider that we should not decide that question unless necessary to the disposition of the appeal, and so we pass to consideration of the second proposition.

█ Section 202 of the act reads as follows: "None of the taxes levied by this act shall be construed to apply to transaction in interstate or foreign commerce, or commerce with the Indian tribes, which, under the constitution of the United States, the State of New Mexico is prohibited from taxing; nor shall such taxes apply to sales made to the Government of the United States or any of its departments or agencies, nor to sales to the State of New Mexico or any of its departments or agencies; nor to any businesses or transactions exempted from taxation under the constitution of the United States or the constitution of the State of New Mexico; provided that if the Congress of the United States shall hereafter permit the taxation of transactions in interstate commerce, the taxes levied by this act shall apply to such transactions to the extent permitted by an act of Congress."

Here is a plain provision that none of the taxes levied by the act (including certainly the tax of one-fourth of one per cent. on the gross receipts of coal mining) shall apply to sales made to the government of the United States, or any of its departments or agencies. Yet it is claimed by the state that in order to interpret this provision we must first determine the exact character of this excise; that we will find it not to have been laid upon any sale, nor upon gross receipts, but upon the privilege or business of coal mining; and that consequently the exempting language is inappropriate and inapplicable.

We think it quite unnecessary to conclude with exactitude just what is the object taxed. It may be that in the case of mining the excise is not strictly to be classified as a sales tax. In a large measure, however, it is sales that give birth to the tax and sales that determine its amount. The only exception is when the miner uses or consumes the product in his own business. And then the use or consumption may be readily assimilated to a sale; a sale by the producer to the producer.

The miner may produce indefinitely, storing his product, without becoming amenable to this taxation. When he sells a single ton there is an instantaneous application of this statute, according to a fixed rate applied to the price received. The total of a month's sales makes up the gross receipts; one-fourth of one per cent. of the gross receipts is the tax payable; and each sale, its proportion of gross receipts, and its proportion of tax, are readily determinable.

This comprehensive revenue measure may in some of its incidents be a variance from the simple sales tax. When strict classification shall be called for, we may put it or parts of it in other category or categories. Its dominant feature, however, as to those who sell, is that for each sale there is an accession of revenue. Whether we consider the particular language used or the intent to be gathered from the nature of the tax, we conclude that sales to agencies of the United States are not to be included in the aggregate gross receipts upon which the tax is to be computed.

We therefore find appellant's first claim of error to be well taken.

This conclusion goes equally and for the same reasons to the exemption of sales to the state of New Mexico or any of its departments or agencies, and leads to a sustaining of appellant's second principal claim of error.

Section 201, subd. B, upon which the state relies, makes no mention of electric power or the generation of it. The businesses to which this subsection applies are "manufacturing, smelting, refining, reducing, processing, compounding, fabricating, packing, preserving, distilling, preparing for sale or commercial use, or the making of wares, commodities or material products by hand or machinery."

No doubt, in a proper context, "manufacturing, * * * commodities" may embrace generating electricity. The state claims that it does in this context.

The following subdivision C, by an express provision, includes the special "sale of electricity" in the general "business of wholesale merchandizing of any goods, wares, materials or commodities." The state urges that this aids its construction.

The "sale of electricity" might have been included by interpretation in the "merchandizing of * * * commodities" as readily as the generating of electricity is to be included by interpretation in "manufacturing * * * commodities." The reason for the express provision in subdivision C is that without it "the sale of electricity" would or might not be included. The Legislature could not have anticipated that we would interpret "manufacturing * * * commodities" as including the generation of electricity when not trusting us to interpret "merchandizing of * * * commodities" as including the sale of electricity. The context, instead of aiding the state's construction, is fatal to it. We consider that the express inclusion in subdivision C forbids implied inclusion in subdivision B.

Subdivisions C and E are plain. They cover the whole field of sales. We are unable to find any evidence of legislative intent that the same field should be covered again by a tax on generation or production.

Concluding that appellant's claims of exemption are all well taken, it is necessary to reverse the judgment and to remand the cause, with a direction to overrule the demurrer. It is so ordered.

SADLER, C. J., and BICKLEY and ZINN, JJ., concur.

HUDSPETH, J., did not participate.