STONE, CHAIRMAN, STATE TAX COMMISSION, *v.* GREEN LUMBER CO.

(In Banc. April 28, 1941. Suggestion of Error Overruled September 22, 1941.)

[1 So. (2d) 764. No. 34590.]

J. H. **Sumrall,** of Jackson, for appellant.

416

**T. J. Wills,** of Hattiesburg, for appellee.

Argued orally by **J. H. Sumrall**, for appellant, and by **T. J. Wills**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellee, which was plaintiff in the trial court, brought suit to recover tax in the sum of $2,111.15, paid upon demand of appellant under section 2-b of Ch. 119, Laws of 1934, Ch. 158, Laws of 1936, and Ch. 113, Laws of 1938, which provides for a privilege tax upon a manufacturer, such as appellee, of one-fourth of one per cent of the "value of the . . . commodities, manufactured . . . or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer. . . ." The tax demanded by appellant was computed upon the amount of the proceeds of sales to the United States of lumber manufactured to specifications for portable or prefabricated houses. Appellee contends that the gross proceeds of such sales should have been excepted from the amount used as the multiplicand, which is to be multiplied by the tax rate of one-quarter of one per cent. The authority for this exception is sought in section 2-h of the act, which is as follows: "In computing the amount of tax levied under this act, there shall be excepted from the gross income of the business, or gross proceeds of sales, as the case may be, so much thereof as is derived from sales to the United States government . . . ."

In Jackson Fertilizer Co. v. Stone, 173 Miss. 183, 162 So. 170, 171, the taxpayer claimed exemption from tax as a manufacturer of fertilizers under a section of the act here involved, which exempted from the provisions thereof "sales of all fertilizers, seeds, boxes and crates used in preparing agricultural products for market." In Southern Package Corp. v. State Tax Commission, 174 Miss. 212, 164 So. 45, exemption was claimed as a manu-

facturer of boxes and crates used in preparing agricultural products for market. In Compress of Union v. Stone, 188 Miss. 49, 193 So. 329, the exemption from liability for the manufacturer's tax was sought to be based upon the fact that part of the gross income of the manufacturer was "derived from sales to the United States government." In Aponaug Mfg. Co. v. State Tax Commission, 1 So. (2d) 763, this day decided, exemption from similar liability is asserted on the ground that the goods manufactured are sold in interstate commerce, thereby subjecting them to additional sales tax in the state to which they are delivered. In these cases, neither the ultimate disposition of the manufactured products nor the existence of exemptions affecting liability for tax upon the sales thereof was held to affect liability for the privilege tax as a manufacturer. The gross income of the business or the gross proceeds of the sales remains the basis upon which to compute this tax, whether computed from sales in interstate commerce, sales of products exempt from sales taxes, popularly so-called or sales to the United States government, even though the gross income derived from such sales may be exempt from a tax thereon as sales.

This case was tried upon an agreed statement of facts and the refund of the tax paid by appellee was ordered. We find this to be error. Appellee is liable for the tax.

Reversed, and judgment here for appellant.