APONAUG MFG. Co. *v.* STATE TAX COMMISSION *et al.*

(In Banc. April 28, 1941. Suggestion of Error Overruled, May 26, 1941.)

[1 So. (2d) 763. No. 34534.]

Ben F. Cameron and Lester E. Wills, both of Meridian, and Geo. E. Shaw, of Jackson, for appellant.

808

**W. D. Conn, Jr.,** Assistant Attorney General, for appellees.

Argued orally by **Ben F. Cameron**, for appellant, and by **W. D. Conn, Jr.**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellant is engaged in the operation of cotton mills at various points in this State. The State Tax Commissioner has demanded of and collected from appellant, and appellant has paid under protest, the tax or remuneration required by Section 2, Chap. 119, Laws 1934, which, so far as material to this case, is as follows:

"There is hereby levied and shall be collected annual privilege taxes, measured by the amount or volume of business done, against the persons, on account of the business activities, and in the amounts to be determined by the application of rates against values, or gross in-

come, or gross proceeds of sales, as the case may be, as follows: . . .

"Upon every person engaging or continuing within this state in the business of manufacturing . . . for sale, profit or commercial use . . . any article or articles, substance or substances, commodity or commodities, the amount of such tax to be equal to the value of the articles, substances, or commodities, manufactured, compounded, or prepared for sale, as shown by the gross proceeds derived from the sales thereof by the manufacturer . . . multiplied by the respective rates as follows: . . .

"The measure of this tax is the value of the entire product manufactured, compounded, or prepared, in this state, for sale, profit or commercial use, regardless of the place of sale or the fact that deliveries may be made to points outside the state.

"If any person liable for any tax under this section shall ship or transport his products, or any part thereof, out of this state without making sale of such products, the value of the products in the condition or form in which they existed immediately before transportation out of this state shall be the basis for the assessment of the tax imposed in this section. . . ."

It is conceded that the amount of the tax applicable in the present case, if applicable at all, is one-fourth of one per cent, ascertained or computed as set forth in the foregoing quotations.

Appellant sells its manufactured cotton goods chiefly in states other than this State. About two-thirds of its products are shipped to and sold in the City of New York, and is said to be there subject to the sales tax imposed by that city. Appellant contends that this exposes it to cumulative or multiple burdens in violation of its rights in interstate commerce, and that the one-fourth of one per cent tax exacted by this State, as above set out, ought to be stricken down as an undue burden on interstate commerce, or as an unlawful imposition upon appellant in its business in interstate commerce. Appellant relies

chiefly on such recent cases as Western Live Stock v. Bureau of Internal Revenue, 303 U. S. 250, 58 S. Ct. 546; 303 U. S. 823, 115 A. L. R. 944; Coverdale v. Arkansas-Louisiana Pipeline Co., 303 U. S. 604, 58 S. Ct. 736, 82 L. Ed. 1043; Adams Mfg. Co. v. Storen, 304 U. S. 307, 58 S. Ct. 913, 117 A. L. R. 429; Gwin et al. v. Henneford, 305 U. S. 434, 59 S. Ct. 325, 83 L. Ed. 272, and McGoldrick v. Berwind-White Coal Co., 309 U. S. 33, 60 S. Ct. 388, 84 L. Ed. 565, 128 A. L. R. 876.

Taking the pleadings strongest against the pleader, we must assume that the business of appellant as a manufacturer of cotton goods in this State is such that at its factory or factories it receives the cotton in bales as it comes from the gins or compresses, and thence with men and machinery it puts this cotton through all the required processes until turned out in bolts of cloth ready to be sold as such in the markets both intrastate and interstate. For the protection in all its manifold forms afforded by the State to appellant, and those likewise engaged within this State, in the peaceable pursuit of that business or activity and in the process thereof, the State exacts the remuneration which is prescribed by the quoted statute, and it is immaterial by what name the remuneration is designated. Names are unimportant, since the facts remain the same, whatever the set-up thereof may be called.

Nor are these definite facts, and the remuneration exacted when the facts are present, to be displaced by or confounded in what is referred to as multiple taxes merely because other or further taxes may be imposed when the goods are sold or manufactured into garments in another state, or in this State. Certain it is that no tax will, for it cannot, be again imposed for the exercise of the activity which is described in the preceding paragraph—the simple reason being that under physical facts there cannot again be actively or actually done anywhere what has already here been done as thus described.

And the exacted remuneration is laid upon the fair and just basis of the volume of the production; and while

the primary, but not the exclusive, method for determining the volume is to measure it by the amount of the sales of the produced articles, this does not make the sales the subject of the exaction, but it is merely a convenience in arriving at the quantity or extent of the production, so that nevertheless, the distinct local activity in the production is the real subject of the exaction. All that is required as the factual basis of a sales tax, as such, is that there shall be an executed sale, and this without regard to where, when, or by whom the vended article was manufactured. The tax we are here considering is not upon sales, but upon the business or activity of manufacture done in this State—the producing of the article for sale, wherever it may be that it is then sold; and in upholding the tax we have the definite support of American Mfg. Co. v. St. Louis, 250 U. S. 459, 39 S. Ct. 522, 63 L. Ed. 1084, which as we think has not been displaced by any subsequent ruling of the federal Supreme Court.

Affirmed.

**Alexander, J.**, took no part in the decision of this case.