COOK *v.* STONE, CHAIRMAN OF STATE TAX COMMISSION.

(In Banc. Dec. 20, 1941.)

[5 So. (2d) 223. No. 34784.]

**O. B. Triplett, Jr.**, of Forest, for appellant.

**J. H. Sumrall**, of Jackson, for appellee.

Argued orally by **O. B. Triplett, Jr.**, for appellant, and by **J. H. Sumrall**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was the contractor for the construction of the grading, drainage structures and bridges on approxi-

mately eight miles of a state highway, called in the written contract, Mississippi Federal Aid Project No. 233-A 1. The contract provided for ad interim payments as the work progressed, and on October 11, 1940, the first ad interim estimate was made for $5,606.37, and appellant received full payment thereon. The Chairman of the State Tax Commission demanded of appellant that he remit to the Commission an amount equal to one per cent. of this paid estimate—as required by Section 2-e, Chap. 119, Laws 1934. Appellant made the remittance under protest, and instituted this action to recover it. The trial court denied the demand and dismissed the action.

Appellant's first and main contention is that, under the contract, final acceptance of the work and final payment therefor was not to be had until its completion, and that this made of the transaction no more than a sale to the state, exempted from the tax under Section 2-h of the cited chapter; and to support his contention appellant relies on such cases as Moore v. Pleasant Hasler Construction Co., 50 Ariz. 317, 72 P. (2d) 573, and Wiseman v. Gillioz, 192 Ark. 950, 96 S. W. (2d) 459. Cases from other states possess for us now no more than an academic interest. The subject has been sufficiently developed in our own decisions.

In Aponaug Mfg. Co. v. State Tax Comm., 190 Miss. 805, 1 So. (2d) 763, affirmed Aponaug Mfg. Co. v. Stone, 314 U. S. ——, 62 S. Ct. 131, 86 L. Ed. ——, and in Stone, Chairman, v. Green Lbr. Co., 191 Miss. 414, 1 So. (2d) 764, we had under consideration the question of the privilege tax on the manufacture or processing of articles of personal property, the latter being a case wherein the processed product was sold directly to the United States. In both of these cases we pointed out that the so-called tax was laid, not on the sales, but on the local activity involved in the production of the articles for sale—in the involved activity which antecedes the sale and in preparation therefor; and we said that as to such activities neither the ultimate disposition of the products nor the

existence of exemptions as respects the sales thereof, had anything to do with the liability other than as a basis of computation.

Precisely the same principle applies to the contracting business wherein the so-called tax is laid upon the process of furnishing work and materials for and in the construction of that which, when affixed, becomes real property, as in the erection of buildings, or, as in the case here, in the construction of roads and bridges. And here it is immaterial what the finished product may be called, or how far towards the completion of the work the contractor may by his contract be required to proceed. It is the local activity in doing the work in so far as he does it, and for the protection afforded by the state during the progress thereof that the statutory remuneration is exacted of the contractor.

As shown by Exhibit E attached to appellant's declaration he was allowed 250 days for the performance of the road building contract here involved; that the ad interim payment of $5,606.37, which is the subject of the action now before us, was for only 6.4 per cent. of the elapsed time, that is to say, from September 23rd to October 10th. It could never be made to harmonize with any reasonable conception of the admissible meaning of words to say that a construction work which requires 250 days to perform all within the state is no more than a sale. The tax, we repeat, is upon the local activity of doing this work, not upon the issue of its ultimate acceptance and the payment therefor as a finished product.

Appellant argues in an interesting way and with much plausibility that whenever any tangible property, real or personal, is furnished to the state, although labor and skill in an extended local activity may be also involved, we should consider the transaction, in legal effect, as a sale to the state and, therefore, exempt, else the state would be placed in the attitude of paying out the money to contractors who naturally would include it in their bids for state work, and thereafter collect it back from the con-

tractor, thus paying the money out of one pocket and thereupon collecting it to be placed in another pocket. Appellant says that if the state so intended, it would "become like Leo, the lion, who chasing his own tail, perceived that he was the pursued as well as the pursuer." The argument in its final analysis is that we should re-write Section 2-h, which we must decline to do.

Affirmed.