[Civil No. 4739. Filed November 9, 1945.]

[163 Pac. (2d) 667.]

ARIZONA STATE TAX COMMISSION, a Body Politic and Corporate; THAD M. MOORE, D. C. O'NEIL and JOE HUNT, as Members of the Arizona State Tax Commission, Appellants, v. FRANK HARMONSON COMPANY METAL PRODUCTS, a Corporation, Appellee.

Mr. John L. Sullivan, Attorney General, Mr. Earl Anderson, Assistant Attorney General, for Appellants.

Messrs. Moeur & Moeur, Mr. Leslie C. Hardy, for Appellee.

Messrs. Bilby & Shoenhair, Messrs. Darnell & Robertson, Messrs. Cunningham & Carson, Messrs. Gust, Rosenfeld, Divelbess & Robinette, Messrs. Kramer, Morrison, Roche & Perry, Mr. Orme Lewis, Mr. Blaine B. Shimmel, Messrs. Sloan, Scott & Green, Messrs. Snell, Strouss & Wilmer, Messrs. Struckmeyer & Struckmeyer, Mr. Louis B. Whitney, of Counsel for Appellee.

MORGAN, J.—Appellee, as plaintiff, brought this action against appellants (tax commission), as defendants, to enjoin them from collecting taxes from plaintiff arising from the construction of projects for the United States government, either as a prime or subcontractor, under the Excise Revenue Act, Sections 73–1301 to 73–1334, inclusive, Arizona Code Annotated 1939, and for a judgment declaratory of plaintiff's liability for such tax. Plaintiff was a licensed contractor and the tax sought to be collected was against it as such contractor. The defendants, on August 15, 1941, had adopted a regulation which, in effect, provided that the furnishing of materials or service to the federal government upon defense contracts shall be exempt from sales tax. This appears to have been rescinded in 1943. In September of that year, the tax commission made an audit, claiming certain excise taxes against plaintiff based upon the materials furnished by it in such defense contracts.

The facts were admitted, and the trial court entered judgment denying plaintiff injunctive relief, but adjudging that the commission was estopped from levying and collecting the taxes which accrued during the period the regulation was effective. Both parties appealed, the defendants on the ground that no estoppel resulted from their action, the plaintiff because of the failure of the court to allow injunctive relief.

■ Our determination of this case is largely controlled by our opinion in *Crane Co.* v. *Tax Commission,* 163 Pac. (2d) 657. We held in the Crane case that "the regulation of the tax commission, upon which appellant (the taxpayer) bases its plea of estoppel, was wholly unauthorized. The tax commission cannot by any rule or regulation exempt a taxpayer from the payment of a tax unless such authority has been specifically granted to it by the legislature. Here no such authority exists." The rule announced is applicable to the regulation involved here, which apparently formed the basis of the lower court's decision finding against defendants, and in favor of plaintiff. Reference is made to the opinion in the Crane case for a discussion of estoppel as applied in cases of this character, and for reasons why it cannot be successfully invoked.

Plaintiff contends, however, that even if the court erred in holding that the tax commission was estopped, it was entitled to judgment and an injunction against the collection of the tax under the provisions of Section 73-1308, Arizona Code Annotated 1939. This section provides:

"The taxes herein levied shall not be construed to apply to transactions in interstate commerce . . . or upon any sales made to the United States government, its departments or agencies."

If the tax imposed upon plaintiff is a sales tax, its position would be sound. In the Crane case, we held

that the furnishing and placement of tangible personal property by contractors under contracts with others constituted a sale of such material. The plaintiff, however, is being taxed under the provisions of 73–1303(h):

"At an amount equal to one per cent of the gross proceeds or gross income from the business, upon every person engaged or continuing in the business of contracting. Payments made by the contractor for labor employed in construction, improvements or repairs shall not be subject to the tax herein imposed."

It will be observed that this section does not base the tax upon sales which may be made by the contractor, but upon the gross proceeds or gross income of his business.

■ Strictly speaking, the law under consideration is an Excise Revenue Act. It is something more than a sales tax measure. It is a tax on the right to engage in business. *White* v. *Moore,* 46 Ariz. 48, 46 Pac. (2d) 1077. In most cases, the tax may be measured by the gross amount of sales, but a sale is not a prerequisite to the tax. Thus, we find in 73–1302, the following:

" 'Gross income' means the gross receipts of a taxpayer derived from trade, business, commerce or sales and the value proceeding or accruing from the sale of tangible personal property, or service, or both."

In 73–1303, we find this provision:

" . . . there is hereby levied and shall be collected by the tax commission . . . annual privilege taxes measured by the amount or volume of business done by the persons on account of their business activities and in the amounts to be determined by the application of rates against values, gross proceeds of sales, or gross income, as the case may be, in accordance with the following schedule:"

(a) "At an amount equal to one-fourth of one per cent of the gross proceeds of sales or gross income" in manufacturing, etc.; (b) "One per cent of the gross proceeds of sale or gross income" in transportation for hire by motor vehicle; (c) "One per cent of the

gross proceeds of sales or gross income'' from mining, quarrying, ''for sale'' followed by seven other additional classifications; (d) ''Two per cent of the gross proceeds of sales or gross income'' for selling any tangible personal property at retail; (e) ''One per cent of the gross proceeds of sales, or gross income'' from restaurants, etc.; (f) ''Two per cent of the gross proceeds of sales, or gross income'' for operation of theatres, hotels, etc.; (g) ''One-fourth of one per cent of the gross proceeds of sales, or the gross income'' of those engaged in slaughtering, packing, etc.; (h) ''One per cent of the gross proceeds or gross income'' of those engaged in contracting; (i) ''One-fourth of one per cent of the gross proceeds or gross income'' of those engaged in the selling of poultry or stock feed.

It will be noticed that in every instance, except in the case of (h) and (i), the tax is fixed upon the ''gross proceeds of sale or gross income.'' Apparently, in the enactment of (h) and (i), the legislature made an exception. Instead of resting the tax either on ''the gross proceeds of sales or gross income'' of the taxpayer's business, it rests the tax on ''the gross proceeds or gross income'' from the business, which obviously may or may not include sales. If one engaged in the classification of (h), that is, contracting, makes a sale, it is, as was stated in *Material Service Corporation* v. *McKibbin,* 380 Ill. 226, 43 N. E. (2d) 939, an incident of his business. While the amount is reflected in his gross proceeds or gross income, the tax is in fact not a tax on the sales and would not come under the exception provided in 73–1308. That section applies only if the taxes are levied ''upon any sales made to the United States government, its departments or agencies.'' This question was before the supreme court of Mississippi, in *Stone* v. *Green Lumber Co.,* 191 Miss. 414, 1 So. (2d) 764, 765. The facts and the situation were not quite identical to what we have here, but the opinion sheds considerable light on the question before us. In the Mississippi case, the law provided for a privilege tax on the manufacturer-appellee of one-fourth of one per

cent of the " 'value of the . . . commodities manufactured . . . or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer . . . . ' " The tax involved was computed upon the amount of the proceeds of sales of lumber manufactured and sold to the United States. The exemption claimed was on the following provision: " 'In computing the amount of tax levied under this act, there shall be excepted from the gross income of the business, or gross proceeds of sales, as the case may be, so much thereof as is derived from sales to. the United States government.' " The court sustained the action of the tax commission in refusing to make an exception for the amount of the proceeds of materials sold to the United States. The court said:

" . . . The gross income of the business or the gross proceeds of the sales remains the basis upon which to compute this tax, whether computed from . . . sales to the United States government, even though the gross income derived from such sales may be exempt from a tax thereon as sales."

To the same effect, see Material Service Corporation v. McKibbin, *supra*.

It will be observed that in the Mississippi case the tax was actually levied on the value of the commodities manufactured or prepared for sale, and the value was simply determined by the gross proceeds which were derived from the sale. The tax, however, as here, was not a tax on the sale or proceeds of sale, but was a privilege tax upon the business of manufacturing based on the value of the commodities as determined by the sale price. The situation is analogous to that existing here because under subsection (h), as we have already pointed out, the tax is not upon the sale or the gross proceeds thereof, but is a privilege tax based upon the gross proceeds or gross income from the business of contracting.

Under provisions similar to our statute, the supreme court of New Mexico came to the conclusion that the

proceeds of sales to the United States, as reflected in the gross income of the taxpayer, should be eliminated for tax purposes. *Gallup American Coal Co.* v. *Beall,* 39 N. M. 188, 43 Pac. (2d) 927. We are not impressed with the reasons stated in that case in support of the conclusion.

Where the tax is based upon a sale, we are committed to the rule that the tax to the extent of the proceeds of the sale is exempt. We so held in *Luke* v. *East Vulture Mining Co.,* 47 Ariz. 220, 54 Pac. (2d) 1002. In that case the tax involved was sought to be collected under what is now subsection (c) of 73–1303, one per cent of the gross proceeds of sales or gross income from mining, etc.

Where a sales tax is, as here, in effect a privilege tax, although the gross proceeds or gross income results from the proceeds of sales, it is generally held, in the absence of a state exemption statute, that there will be no deduction in the tax on account of sales to the government. *Boeing Airplane Co.* v. *State Comm. of Revenue,* 153 Kan. 712, 113 Pac. (2d) 110; *James* v. *Dravo Contracting Co.,* 302 U. S. 134, 58 Sup. Ct. 208, 82 L. Ed. 155, 114 A. L. R. 318, note p. 347; *State of Alabama* v. *King & Boozer,* 314 U. S. 1, 62 Sup. Ct. 43, 86 L. Ed. 3, 140 A. L. R. 615.

█ █ The answer to the question whether an exemption exists in this case must, of necessity, depend upon the legislative intent. It is our view that in the adoption of subsection (h) of 73–1303, the legislature clearly indicated its intent not to tax contractors on the basis of proceeds of sales, but rather upon gross proceeds or gross income from their business regardless of the source. The tax, therefore, imposed by subsection (h) is not based upon sales and does not come within the provisions of Section 73–1308.

█ We see no merit to the argument that if it be held that plaintiff is entitled to no exemption under

73–1308, the Act would be void because it deprives plaintiff of the equal protection of the law, or of due process of the law, or accords others affected by the Act privileges and immunities which are not accorded plaintiff. Const., art. 2, §§ 4, 13. It has repeatedly been held that the legislature has the right, in connection with an Excise Revenue Act or a privilege tax, to make reasonable classifications. The classification of contractor is separate and distinct from that of other classifications. All contractors are treated alike. Indeed, it comes with poor grace for plaintiff to urge any question of inequality. It will be observed that only in the classification of contracting are labor charges excepted from the operation of the tax. In arriving at the gross proceeds or gross income of the contracting business, all sums received on account of labor charges are deducted. This privilege is not granted in connection with any of the other classifications, although it is obvious that the total proceeds of sales or income from the various businesses are, in large part, made up by payments for labor. The constitutional provisions are satisfied if all persons in a class are treated alike. That the statute so construed is not subject to any of the constitutional inhibitions suggested is fully answered in *Valley National Bank of Phoenix* v. *Glover* 62 Ariz. 538, 159 Pac. (2d) 292, and White v. Moore, *supra*.

 Since, as we have said, the tax on the contractor is not based on sales nor upon the proceeds of sales, but upon his gross income, he is not entitled to an exemption because only the taxes which, by the terms of the law, are levied upon sales or the proceeds thereof, are exempt under the provisions of Section 73–1308. A tax exemption cannot be implied. 51 Am. Jur. 528, Sec. 525, Taxation. The result is that those who are taxed on a sales basis are entitled to the exemption; those who are not so taxed are not entitled to it.

The judgment is reversed except as to that portion thereof denying injunctive relief.

LaPRADE, J., concurs.

STANFORD, C. J. (Specially Concurring.)—Under the power to make necessary rules and regulations in administering the Excise Revenue Act, as set forth in Section 73–1333, Arizona Code Annotated 1939, there is no power delegated to the tax commission, an executive branch of the government, to interpret the law. Said section reads:

"Rules and regulations, forms and procedure.—Immediately upon this act becoming effective, the tax commission is hereby authorized and directed as a preliminary matter to the application and enforcement of this act, to formulate rules and regulations, and prescribe the forms and procedure necessary to the efficient enforcement thereof."

It is beyond the constitutional powers of the legislature to grant to an executive branch of our state the authority to usurp and supersede the powers of the courts.

I therefore concur in the results reached by the majority opinion.