545 P.2d 936

**STATE of Arizona ex rel. Bruce E. BABBITT, Attorney General,
Petitioner,**

v.

**Hon. Robert W. PICKRELL, Judge of the Superior Court of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Respondent,**

and

**Leonard M. COHEN, Real Party in Interest.**

**No. 12350.**

Supreme Court of Arizona,
In Banc.

Feb. 5, 1976.

Rehearing Denied March 2, 1976.

Bruce E. Babbitt, Atty. Gen., Frank T. Galati, Robert S. Golden, Asst. Attys. Gen., Phoenix, for petitioner.

Shoob & Zalut, Henry L. Zalut, Phoenix, for real party in interest.

GORDON, Justice:

The State of Arizona, ex rel. Bruce E. Babbitt, Attorney General, brought this special action seeking relief from an order of the Superior Court of Maricopa County and The Honorable Robert W. Pickrell, Judge thereof, in Superior Court Cause No. 303208.

Respondent, real party in interest, Leonard M. Cohen, was charged by complaint in Justice Court with representing himself as a psychologist while he was not a certified psychologist in violation of A.R.S. § 32–2087, a misdemeanor. He was arraigned and entered a plea of not guilty. On the day set for trial a jury was selected. The trial was continued until November 26, 1974 due to the congestion of the justice court's calendar. On November 25, 1974, respondent, Judge Pickrell, pursuant to a special action petition filed by defendant Cohen, stayed all proceedings pending a hearing. On December 3, 1974 Judge Pickrell granted defendant Cohen's special action petition "until such time the Petitioner has been given the opportunity to carry out discovery and until such time a proper jury panel is selected." [December 3, 1974 minute entry.] On June 30, 1975 the State filed an Order to Show Cause in Superior .Court as to why the stay should not be vacated. In its pleading the State urged that a proper jury panel could be provided from the Superior Court's "overflow" jurors; defendant Cohen objected. Judge Pickrell denied the State's request to vacate the stay.

On September 5, 1975, the State again filed an Order to Show Cause why the stay should not be vacated. The State urged in its pleadings that defendant Cohen would now be tried by a jury that would be summoned according to the relevant statutes. The pleadings further alleged that Judge Lee had indicated by affidavit that once the stay order was removed he would set a trial date and, on the date of respondent's trial, empanel a jury pursuant to the statutory dictates governing criminal trials in Justice Court. Defendant Cohen urged that the state was still attempting to bring down an illegally constituted jury panel because the jury summoned pursuant to A.R.S. § 21–332 would be used to try only this one case. He urged that this special treatment would deprive him of due process of law in that he would be treated differently from all others in his class. The Superior Court found that the jury selection procedure proposed, although a statutorily correct method, would be used for Cohen's trial only and this procedure would deprive him "of due process of law in that he is treated differently from others in his class."

Petition for relief granted. Under the conditions of this case we find that Judge Pickrell abused his discretion in refusing to vacate the stay order.

■ Respondent Cohen has correctly urged that he cannot be tried by any jury in Justice Court except one that complies with A.R.S. § 21–332. Any other jury selection process would be a denial of due process.

"Due process means that the actions of the state cannot be arbitrary, nor can they be without proper procedure." *Sulger v. Ariz. Corp. Comm.,* 5 Ariz.App. 69 at 73, 423 P.2d 145 at 149 (1967).

In justice court any jury that has been drawn without the members being summoned by "the sheriff, constable, marshal or policeman of the jurisdiction from the person's resident of the city, town or precinct, competent to serve as jurors" upon the "written order of the justice or presiding officer thereof" as required by A.R.S. § 21–332 would be a denial of due process to a defendant so tried therein. We do not and cannot sanction any other method of jury selection in justice courts. See *State v. Little,* 87 Ariz. 295, 350 P.2d 756 (1960).

**14**

Respondent Cohen's contention that even if he is tried by a jury that is selected by the proper procedure he would still be denied due process since he alone would be tried by this method is without merit. If Cohen's claim of unreasonable discrimination is valid then he would have suffered a denial of equal protection and not due process.

Although it is customary to consider the due process and equal protection clauses together, the areas of protection each offer are not coterminous.

> "The guaranty [of equal protection] was aimed at undue favor and individual or class privilege, on the one hand, and at hostile discrimination or the oppression of inequality on the other. It sought an equality of treatment of all persons, even though all enjoyed the protection of due process." *Truax v. Corrigan*, 257 U.S. 312 at 332, 333, 42 S.Ct. 124 at 129, 66 L.Ed. 254 at 263 (1921).

However, defendant Cohen has not been denied equal protection of the laws by receiving a statutorily proper jury.

As our own Court has previously stated "[t]he constitutional provisions are satisfied if all persons in a class are treated alike." *Arizona St. Tax Comm. v. Frank Harmonson Co. Metal Products*, 63 Ariz. 452 at 459, 163 P.2d 667 at 670 (1945).

Any defendant in Justice Court who does not receive a properly constituted jury has an adequate legal remedy to pursue. Defendant Cohen has successfully pursued his legal remedy and shall now receive a properly constituted jury according to A.R.S. § 21–332. He therefore lacks standing to assert the rights of those defendants not receiving such a jury since Cohen is no longer a member of that class of defendants.

Therefore, the relief prayed for is granted. It is further ordered vacating the stay order entered on December 3, 1974 and remanding this matter to the Superior Court for further proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.