530 P.2d 1142

**GLOBE INDEMNITY COMPANY,**
Petitioner Carrier,

**Spectrum Enterprises, Ltd., Petitioner**
**Employer,**

v.

**The INDUSTRIAL COMMISSION of**
**Arizona, Respondent,**

**Dorothy Shane, Respondent Employee.**

**No. 1 CA–IC 1052.**

Court of Appeals of Arizona,
Division 1,
Department B.
Jan. 28, 1975.

**110**

Glen D. Webster, Jr., Phoenix, for petitioner carrier and petitioner employer.

Edward F. Cummerford, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Spencer K. Johnston, Phoenix, for respondent employee.

OPINION

HAIRE, Chief Judge.

On this review of an award entered by the respondent Commission in a workmen's compensation proceeding, the petitioning carrier and employer contend that the injury which befell the claimant as she was being transferred from her secretarial chair to her wheelchair was not related to the conditions of her ·employment, and therefore was not compensable.

The claimant was employed at the time of the accident by petitioner Spectrum Enterprises, Ltd., as a telephone solicitor. Her workday began at 9:00 a. m. and ended at 4:00 p. m. She was confined to a wheelchair by a preexisting condition of rheumatoid arthritis at all times pertinent to the outcome of this review. Due to this condition it was necessary for the claimant's husband to drive her to and from her place of employment each workday. Upon arriving at the driveway of her employer's office, claimant's husband would lift claimant from the car into a wheelchair, and then wheel her inside the building to the office in which her desk was located. On some days, once inside the office, he would transfer claimant from her wheelchair to a secretarial chair. On other days claimant would remain in her wheelchair for the entire day. At the end of the day claimant's husband would return to the office and the reverse of the above-described procedure would occur.

On the day of the injury the claimant was transferred to the secretarial chair by her husband upon arriving at the office. Sometime prior to 4:00 p. m. the claimant's husband telephoned the office and advised one of the claimant's fellow employees that he would be late in picking up the claimant. It was at this point that the unfortunate accident took place.

A fellow employee unsuccessfully attempted to transfer claimant from the secretarial chair to her wheelchair with the end result being that she fell to the floor and suffered a fracture of the right distal femur.

Evidence presented at the hearing regarding the time of the accident varied, ranging from one estimate of 3:45 p. m. to another estimate of as late as 4:15 p. m. The evidence was also in conflict as to whether the claimant was moved against her wishes by the fellow employee.

On this review the petitioners' basic contention is that the injury in question did not arise out of and in the course of employment. An injury is said to "arise out of" the employment relationship when a causal connection is found to exist between the employment activity and the injury. Sendejaz v. Industrial Commission, 4 Ariz.App. 309, 420 P.2d 32 (1966); Ware v. Industrial Commission, 92 Ariz. 188, 375 P.2d 384 (1962). The phrase "in the course of employment" relates to the time, place and circumstances of the employee's accident. Gaumer v. Industrial Commission, 94 Ariz. 195, 382 P.2d 673 (1963); Peter Kiewit Sons' Co. v. Industrial Commission, 88 Ariz. 164, 354 P. 2d 28 (1960).

The petitioners contend that the injury in question does not fulfill the "in the course of employment" requirement since it allegedly occurred after 4:00 p. m., the time at which claimant's duties ended. It is immaterial that the Commission did not make specific findings as to when the accident occurred, for protection under the workmen's compensation act does not necessarily terminate with the sounding of the whistle signaling the end of the workday. In Nicholson v. Industrial Commission, 76

Ariz. 105, 259 P.2d 547 (1953), where the claimant was injured shortly after his employment had been terminated the Court noted:

> "Generally injuries incurred by the employee while leaving the premises collecting pay or getting his clothes or tools, within a reasonable time after termination of the employment, *or within the course of employment*, are normally incidents of the employment relation. . . . The employee is deemed to be within the course of employment for a reasonable period while he winds up his affairs and leaves the premises." (Emphasis added). 76 Ariz. at 109, 259 P.2d at 550.

*See also,* Peter Kiewit Sons' Co., *supra*; Sieck v. Trueblood, 29 Colo.App. 432, 485 P.2d 134 (1971). There was sufficient evidence in the record from which the hearing officer could have concluded that the accident happened sometime before 4:00 p. m., but more importantly, the injury came about, at the latest, shortly after 4:00 p. m., a time which could be reasonably found to be within the course of the claimant's employment under the above principles. *See also,* Pauley v. Industrial Commission, 109 Ariz. 298, 508 P.2d 1160 (1973), wherein the Court considered a somewhat similar situation and stated:

> "We hold that when an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be." 109 Ariz. at 302, 508 P.2d at 1164.

■ Petitioners contend that Pauley, *supra*, requires that the injury result from some physical condition of the employer's premises, and that therefore it is not applicable here. We do not construe Pauley so narrowly. If we eliminate injuries resulting from conflicts generated by personal animosities having their genesis in nonemployment related contacts, no logical distinction can be made between a physical condition on an employer's premises which causes an injury as opposed to a fellow employee condition on an employer's premises which causes an injury. Here the conduct and aid of the fellow employee (albeit defective) was the beginning step in the egress of the claimant from the employer's premises. As such the injury resulting therefrom is compensable just as though the injury had resulted from any other condition of the employer's premises.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.