considering the circumstances presented and the nature of the appeal herein, the court is of the opinion that appellants have not demonstrated a reasonable excuse for the delay, which in this case was inordinate, as required by section 800.12. Motion denied, without costs, and appeal dismissed. Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.

■ KEITH ARTHUR, Respondent, v CITY OF NEW YORK, Appellant. (And Two Other Appeals.)—Motion by appellant for leave to file record and brief beyond the one-year period specified by 22 NYCRR 800.12 of the Rules of Practice. Motion denied, without costs, and appeals dismissed (see *Matter of Maguire [Toch]*, 60 AD2d 702). Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.

## (December 22, 1977)

■ In the Matter of the Claim of LESLIE GAMBLE, Respondent, v NEW YORK STATE NARCOTICS ADDICT CONTROL COMMISSION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 19, 1976, which found that decedent's death on January 16, 1973 was causally related to his employment. The board found: "On the basis of the probative medical and credible lay evidence that the claimant sustained a psychic trauma resulting from his job change and that such psychosis and mental derangement caused the suicide thereby constituting an accidental injury within the meaning of the law. The job change precipitated the outbreak of anxiety and bizarre thinking which resulted ultimately in the development of psychosis and thereafter hospitalization psychiatrically." There is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.