588 P.2d 303

**Richard M. SLOSS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arizona Department of Public Safety, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 14011–PR.**

Supreme Court of Arizona, In Banc.

Nov. 13, 1978.

Rehearing Denied Jan. 3, 1979.

Spencer K. Johnston, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by George B. Morse, Phoenix, for respondent Employer and Carrier.

HOLOHAN, Justice.

Richard M. Sloss filed a claim for workmen's compensation with the Industrial Commission. After hearing the matter, the Commission made an award finding the claim noncompensable. Sloss sought review by the Court of Appeals. That court set aside the award in a memorandum decision. 1 CA–IC 1735 (filed July 18, 1978). We granted the petition for review of the State Compensation Fund. The decision of the Court of Appeals is vacated. The award of the Industrial Commission is affirmed.

The case at issue involves the question of the compensability of a disability brought about by emotional stress. Our recent decision in *Fireman's Fund Insurance Co. v. Industrial Commission*, 119 Ariz. 51, 579 P.2d 555 (1978), addressed the issue. In the *Fireman's Fund* case, this court noted that a disabling mental condition was compensable if it was an injury by accident in a work-connected activity. The term "accident" is defined in the broad sense to include any unexpected injury-causing event, so long as it is work-connected. *Brock v. Industrial Commission*, 15 Ariz.App. 95, 486 P.2d 207 (1971). *Fireman's Fund* approved the holding in *Brock* that physical force or exertion was not necessary to establish an injury-causing event.

Fireman's Fund does not mean that every emotional condition even though work-related is compensable. This court declined to accept the view expressed in *Carter v. General Motors Corp.*, 361 Mich. 577, 106 N.W.2d 105 (1960), which would allow the ordinary stresses of employment to which all workers are subjected to provide a basis for workmen's compensation for a work-related disabling nervous condition. *Fireman's Fund* requires more than ordinary and usual job-related stress. To qualify as an injury by accident, the condition must have been produced by the unexpected, the unusual, or the extraordinary stress.

In the case at issue, Richard Sloss was a highway patrolman. His condition was diagnosed as "chronic anxiety." The emotional condition has caused a physical condition diagnosed as gastritis. Ultimately, Sloss was retired for medical reasons.

A claim was filed for compensation arising out of his last hospitalization in May, 1975. Sloss filed a second claim for his emotional condition, claiming that the first claim dealt only with his physical problem of gastritis. The hearing officer disposed of both claims because the Report of Injury named both conditions ("stomach problems and emotional problems") as caused by his employment. In addition, evidence was submitted to the hearing officer without objection on the issue of emotional disability. These two factors clearly placed both issues before the hearing officer. *Arellano v. Industrial Commission*, 25 Ariz.App. 598, 545 P.2d 446 (1976).

The hearing officer found:

"That the stresses to which the applicant was exposed in his employment were the

same as, and no greater than, those imposed upon all other Highway Patrolmen in the same type of duty. He was exposed to nothing other than the usual ordinary and expected incidents of his job as a Highway Patrolman."

The above finding was supported by the evidence presented at the hearing. From the finding, the hearing officer concluded that the claim was noncompensable. We agree.

The facts presented in the case do not constitute an injury by accident even giving the term "accident" the liberal definition in *Brock* and *Fireman's Fund.* Although the hearing officer did not have the benefit of our decision in *Fireman's Fund* to guide him, nevertheless his decision was in harmony with the principles of that decision.

Award affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.