698 P.2d 753

Georgeann TOTO, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA,** Respondent,

St. Mary's Hospital, Respondent Employer,

Aetna Insurance Company, Respondent Carrier.

No. 1 CA–IC 3073.

Court of Appeals of Arizona, Department A, Division 1.

Feb. 7, 1985.

Review Denied April 16, 1985.

Dee-Dee Samet, P.C. by Dee-Dee Samet, Tucson, for petitioner.

Sandra A. Day, Chief Counsel, Phoenix, for respondent Indus. Com'n of Arizona.

Bury, Moeller & Humphrey P.A. by J. Michael Moeller and Marshall Humphrey, III, Tucson, for respondent employer and respondent carrier.

## OPINION

HAIRE, Presiding Judge.

In this review of an award entered in a workers' compensation proceeding, the claimant presents three issues. The first is whether A.R.S. § 23–1043.01(B) violates either the equal protection clause of the United States Constitution or the Arizona Constitution's prohibition against special laws. The second issue is whether the evidence presented at the administrative hearing supported the administrative law judge's findings of fact and conclusions of law. The third issue is whether the claimant was deprived of a fair hearing by virtue of several of the administrative law judge's evidentiary rulings.

Mrs. Georgeann Toto (claimant) worked as a ward clerk for St. Mary's Hospital. On May 13, 1982, she slipped and fell on the hospital cafeteria floor. As a result of the fall, she suffered contusions and a back and neck strain. She was confined to bed for several weeks following her accident and thereafter began rehabilitative physical therapy. During her absence she was fired from her job due to "excessive absenteeism." She contends that her absenteeism and consequent firing were primarily due to the period of convalescence after her fall. However, she admits to having been warned by her superiors on at least one occasion prior to her injury that her attendance was unsatisfactory.

She filed a claim for workers' compensation benefits in May of 1982. The hospital's workers' compensation carrier, Aetna Insurance Company, accepted the claim and thereafter closed the case with a finding of no permanent disability. The claimant protested this closing and a formal hearing was convened by an administrative law judge.

It is uncontroverted that claimant suffered physical injuries in her work-related injury. However, conflicting testimony was offered as to the extent, nature and continuing impact of these injuries. The administrative law judge resolved this conflict in the evidence concerning claimant's physical condition by adopting, as more probably correct, Dr. Lloyd Anderson's testimony that claimant suffered no permanent impairment as a result of her industrial accident.

The second major evidentiary matter concerned claimant's psychiatric condition. Claimant sought psychiatric counseling from Dr. Wesley McEldoon following her dismissal from her job. Dr. McEldoon testified that claimant suffered from reactive depression of moderate severity. He further stated that this depression was primarily due to the loss of her job and secondarily due to a number of factors including the pain from her injuries caused by her fall, the death of her sister-in-law, the reduction in her husband's work hours, as well as concern regarding surgery performed on both her husband and son. Dr. McEldoon testified that claimant had responded favorably to therapy and that he did not believe that there would be any permanent impairment relating to the depression.

The testimony of a second psychiatrist, Dr. Hubert Estes, was basically in accord with Dr. McEldoon's testimony. To the extent that there was any conflict, the administrative law judge adopted Dr. McEldoon's testimony. The judge found that while the industrial accident was *"a contributory"* cause of claimant's psychiatric condition, there was insufficient evidence to support a finding that the accident was a *substantial* contributing cause of the mental injury pursuant to A.R.S. § 23–1043.-01(B). Accordingly, the administrative law judge held that the employer was not responsible for the claimant's psychiatric condition or its sequelae. Claimant has requested review of the resulting decision and award.

Claimant contends that the workers' compensation statute concerning mental injuries, A.R.S. § 23–1043.01(B), violates the equal protection clause of the federal constitution as well as Art. 2, § 13 and Art. 4, pt. 2, § 19 of the Arizona Constitution. The statute provides:

"A mental injury, illness or condition shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless some unexpected, unusual, or extraordinary stress related to the employment or some physical injury related to the employment was *a substantial contributing cause* of the mental injury, illness or condition." (Emphasis added).

We note that "there is a strong presumption supporting the constitutionality of a legislative enactment and the party asserting its unconstitutionality bears the burden of overcoming the presumptions." *Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977); *State v. Krug,* 96 Ariz. 225, 393 P.2d 916 (1964); *Baseline Liquors v. Circle*

*K Corporation,* 129 Ariz. 215, 630 P.2d 38 (App.1981). *Landgraff v. Wagner,* 26 Ariz. App. 49, 546 P.2d 26 (1976).

The fourteenth amendment to the United States Constitution states in part:

"No state shall ... deny to any person within its jurisdiction the equal protection of the laws."

Claimant argues that A.R.S. § 23–1043.01(B) violates the equal protection clause because it treats persons who have an industrial physical injury with resulting mental problems, differently from those who have an industrial physical injury with resulting physical problems only. Whereas the physical problems resulting from an industrial injury are compensable if the industrial accident was "a cause" of the physical problems, A.R.S. § 23–1043.01(B) requires that an industrial accident must be a "substantial contributing cause" to a mental problem before the mental problem is compensable.

In *Findley v. Industrial Commission,* 135 Ariz. 273, 660 P.2d 874 (App.1983) this court rejected a similar equal protection argument concerning this statute. *Findley* involved a suicide caused by job stress. The claimant in *Findley* sought to overturn the administrative law judge's finding of no compensability by arguing that A.R.S. § 23–1043.01(B) violated the equal protection clause of the United States Constitution. In *Findley* we commented:

"[I]t is well settled by the Arizona Supreme Court that the equal protection and due process clauses are satisfied if all persons within the class are treated alike, *State ex rel. Babbitt v. Pickrell,* 113 Ariz. 12, 545 P.2d 936 (1976) and if there exists reasonable grounds for such a classification, *In re Maricopa County, Juvenile Action No. J–72804,* 18 Ariz. App. 560, 504 P.2d 501 (1972). Here, all members of a class, those with stress-related mental injuries or illnesses, are treated equally by the statute. We further find that the classification is reasonable, based upon the nature of these cases, that is, difficulty in showing the definite causal connection between work

related stress and mental illnesses or injuries." 135 Ariz. at 276, 660 P.2d at 877.

The court gave several examples of the causation problems inherent in mental injury cases, and concluded:

"[g]iven the difficulty in proving the causal connection between mental illness and the work-place, the legislature could constitutionally provide a more stringent proof classification for these types of injuries. We therefore find A.R.S. § 23–1043.01(B) constitutional."

*See also, DeSchaaf v. Industrial Commission,* 141 Ariz. 318, 686 P.2d 1288 (App. 1984), holding that equal protection is not violated by provisions of A.R.S. § 23–1043.01(A) which require that the employment be "a substantial contributing cause" of compensable heart injuries.

Claimant attempts to distinguish *Findley* on its facts. She asserts that because *Findley* considered the constitutionality of the statute with regard to mental injuries caused by job *stress* as opposed to mental injuries resulting from job-related physical injuries, its holding is inapplicable to this case. We do not find this difference meaningful.

█ The court in *Findley* noted that the classification contained in A.R.S. § 23–1043.01(B) was justified due to the difficulty in proving the causal nexus between *mental illness* and the *workplace.* Thus, *Findley* strongly implies that, all mental illness arising from the workplace, whether caused by job stress or industrial physical injuries, constitute a class properly subject to special treatment. The difficulties involved in establishing a causal nexus set forth in *Findley* are equally applicable to all claims concerning mental illnesses, not just those arising from job-related stress. Since there are reasonable grounds for the classification of mental injuries contained in A.R.S. § 23–1043.01(B) and, all members within this classification are treated equally, the statute is not vulnerable to federal equal protection attack. For the same reasons we reject claimant's argument that A.R.S. § 23–1043.01(B) also violates the

equal protection clause, Art. 2, § 13, of the Arizona Constitution. *See Valley National Bank of Phoenix v. Glover,* 62 Ariz. 538, 159 P.2d 292 (1945).

▮ Claimant also contends that A.R.S. § 23–1043.01(B) violates Art. 18, § 8 of the Arizona Constitution which provides that the *percentages* and *amounts* of compensation under the Act may be reduced only by initiative or referendum. The statutory provision in question affects neither the percentage nor amount of compensation. This argument is clearly without merit.

▮ Claimant's next contention is that A.R.S. § 23–1043.01(B) violates Art. 4, Pt. 2, § 19 of the Arizona Constitution which states in substance that no local or special laws shall be enacted granting an individual any special or exclusive privileges, immunities or franchises. The Arizona Supreme Court has commented that this provision serves a purpose distinguishable from equal protection.

> "Equal protection is denied when the state unreasonably discriminates *against* a person or class. Prohibited special legislation, on the other hand, unreasonably and arbitrarily discriminates *in favor of* a person or class by granting them a special or exclusive immunity, privilege or franchise. (Emphasis in original).
>
> \* \* \* \* \* \*
>
> "A law is general, and thus permissible, if it confers rights and privileges or imposes restrictions upon all members of a given class, when the classification has a reasonable basis. [Citations omitted]. A special law applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate legislative purpose [citations omitted]." *Arizona Downs v. Arizona Horsemen's Foundation,* 130 Ariz. 550, 557, 637 P.2d 1053, 1060 (1981).

As noted previously, the classifications contained in A.R.S. § 23–1043.01(B) are reasonable. The statute treats all members within the class equally. The statute does not favor any class by granting it a special or exclusive immunity, privilege or franchise. Therefore, this statute does not constitute an improper special law.

Claimant also contends that a review of the evidence presented to the administrative law judge reveals "no question" that the loss of her job substantially contributed to her mental problems. She claims that the evidence was uncontradicted that she lost her job due to the absenteeism caused by her injury and further that the loss of her job was a major factor in her mental depression. Thus, she claims that a finding that her physical injury was a substantial contributing cause of her subsequent mental injury was mandated by the evidence.

▮ Under Arizona law, it is the claimant's burden to prove the elements of a compensable claim in workers' compensation. *Northern Arizona University v. Industrial Commission,* 123 Ariz. 407, 599 P.2d 860 (App.1979). Furthermore, an award of the Industrial Commission will be affirmed if it can be supported by any reasonable theory of the evidence. *Reynolds Metals Company v. Industrial Commission,* 119 Ariz. 566, 582 P.2d 656 (App. 1978).

The administrative law judge accepted Dr. McEldoon's testimony concerning claimant's psychiatric condition. Dr. McEldoon described claimant's mental condition as a reactive depression of moderate severity. The doctor commented that the depressive reaction "was caused primarily by the issues around her being fired. . . ." This statement, adopted by the administrative law judge, reveals that the petitioner's depression was in fact substantially contributed to by her having been fired. However, this alone does not establish that her claim is compensable.

▮ In relevant part, A.R.S. § 23–1043.01(B) states: "A mental injury . . . is not compensable . . . unless some . . . physical injury related to the employment was a substantial contributing cause of the mental injury. . . ." Where compensation is

sought for a mental injury,[1] the claimant must establish that the relevant physical injury was a substantial contributing cause of that mental injury. We note that A.R.S. § 23–1043.01(B) does not change the requisite proof of causation with regard to the initial physical injury. The claimant need only establish "some cause" as between a physical injury and the workplace. *Allen v. Industrial Commission*, 124 Ariz. 173, 602 P.2d 841 (App.1979). However, the claimant must show that each and every link in the causal chain between the physical injury and the mental injury, is a substantial contributing cause of each succeeding link.

In this case there are two links in the causal chain between claimant's physical injury and mental injury. The first link is between the physical injury and the termination of the claimant's job due to excessive absenteeism. The second link is between the termination of her job and her mental depression. Her depression is not compensable unless she has proved that the industrial injury substantially contributed to her firing, which in turn substantially contributed to her mental injury. The evidence accepted by the administrative law judge clearly demonstrates that the firing substantially caused the mental injury. However, it does not demonstrate that the industrial injury substantially caused the firing.

The *only* testimony concerning the events surrounding the claimant's dismissal from her job came during cross-examination of the claimant at the hearing before the administrative law judge.

"Q Were you terminated from St. Mary's because of as they said, excessive absenteeism?

"A Yes, that is what they said, but I had documentation that I had surgeries

and they counted my industrial time off, also, as excessive absenteeism.

They counted the three days they gave me for my sister-in-law's death as excessive absenteeism.

"Q Did they tell you that.... Did they give you a warning about your absenteeism before your industrial injury?

"A Yes."

Thus, although the evidence suggests that claimant's time spent convalescing after her industrial accident may have been a factor considered by her employer in terminating her employment, it also indicates that she had an absenteeism problem prior to her industrial accident. The administrative law judge was given practically no evidence concerning the crucial relationship between claimant's injury and her subsequent firing.

Claimant's assertion that the evidence is uncontradicted that her injury resulted in the loss of her job is not supported by the record. Her own testimony reveals that her absenteeism was a problem prior to her accident.[2] It was claimant's burden to establish that her industrial injury was a substantial contributing cause of her firing. Her failure to meet this burden was due in large part to her failure to elicit any substantial evidence on this issue at the hearing.

Upon consideration of the evidence, the administrative law judge apparently concluded that although the industrial accident was a contributory cause of the claimant's psychiatric condition, there was insufficient evidence to prove that the accident had been a substantial contributing cause to the firing which in turn had been a substantial contributing cause of claimant's mental depression. We find that the administrative law judge's conclusions are supported by the evidence presented.

---

1. A.R.S. § 23–901(10) states: "'Mental injury, illness or condition,' means any mental, emotional, psychotic, or neurotic injury, illness or condition."

2. Dr. McEldoon testified that claimant "felt that she [claimant] had been treated unfairly and that there were certain individuals that had influenced other staff members against her, and that this was the real reason why she had been terminated...." From this it could be implied that in claimant's opinion, her absence from the job because of her industrially-related physical injuries was not the cause of her firing.

514

■ We have examined the record relating to claimant's contentions that various evidentiary rulings deprived her of a fair hearing. The administrative law judge enjoys considerable discretion in dealing with evidentiary questions in Industrial Commission hearings. *Epperson v. Industrial Commission*, 26 Ariz.App. 467, 549 P.2d 247 (1976). We find that the administrative law judge did not abuse his discretion in the instances of which claimant complains.

Having reviewed the record we find that claimant failed to meet her burden of proof in the hearing when she failed to establish the requisite causal connection between her injury and the subsequent dismissal. The administrative law judge properly conducted the hearing and his conclusions find support in the testimony given. We therefore affirm the award.

BROOKS and GRANT, JJ., concur.