742 P.2d 819

**Andre LAPARE, Petitioner Employee,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Trailways, Respondent Employer,**

**Liberty Mutual Fire Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 3454.**

Court of Appeals of Arizona, Division 1, Department A.

March 10, 1987.

Reconsideration Denied May 22, 1987.

Review Denied Sept. 15, 1987.

Davis & Eppstein, P.C. by Robert W. Eppstein, Tucson, for petitioner employee.

Dennis P. Kavanaugh, Chief Counsel, The Indus. Com'n of Ariz., Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Lawrence H. Lieberman, J. Victor Stoffa, Phoenix, for respondent employer & carrier.

OPINION

BROOKS, Presiding Judge.

In this special action review of an industrial commission award, we must determine whether the administrative law judge abused his discretion by denying compensation for a mental breakdown. We conclude that the award is reasonably supported by the evidence and therefore affirm.

The facts are relatively undisputed. Petitioner (claimant) was employed as a bus driver for the defendant employer, Trailways, and had been so employed for over 20 years. He was working under a union contract, which was not due to expire until May 1985.

In June or July of 1984, Trailways' management sent a letter to its drivers apparently discussing the financial status of the company and notifying the drivers that it intended to try to reduce their pay by approximately ten percent. Various rumors then began to circulate concerning pay cuts, layoffs, a change in the drivers' rotation system, and the possible collapse of the drivers' pension plan.

On August 20, 1984, during claimant's stopover in El Paso, Texas, he attended an impromptu union meeting at which several of the drivers concluded that they were going to lose their jobs in the immediate future. Claimant left the meeting extremely upset and overwhelmed by the possibility of losing his job. After departing El Paso, he became disoriented, confused, tearful and had destructive thoughts about crashing the bus. At the bus stop in Deming, New Mexico, he was unfit to drive the bus any farther and was replaced by another driver.

Claimant subsequently consulted two psychiatrists, Dr. David B. Gurland and Dr. Hubert Estes. On October 14, 1984 he filed a claim for workers' compensation benefits, which was denied by the respondent insurance carrier, and formal hearings were then conducted.

At the hearings, Dr. Gurland testified that claimant had suffered a mental breakdown as a result of unusual stress caused by the fear and anxiety of losing his job. He diagnosed a dystymic mood disorder which was related to claimant's inability to cope with the stress resulting from the possible job loss and potential economic hardship.

Dr. Estes testified that claimant had suffered a psychotic episode or reaction. He stated that the episode was related to the rumors and claimant's fear of losing his job, but was not related to stress caused by the job performance itself nor pressure from the employer. Dr. Estes further testified that claimant would probably have experienced a psychiatric breakdown even if he had not been driving the bus on August 20, 1984.

In his findings of fact the administrative law judge adopted the medical opinion of Dr. Estes. He then concluded that claimant's condition was not causally related to his employment, and, even assuming that it was, claimant had failed to show that the stress experienced by him was unexpected, unusual or extraordinary. Following administrative review, claimant filed this special action raising two issues:

1. Was his psychotic episode a personal injury by accident arising out of and in the course of his employment within the meaning of A.R.S. § 23–1043.01(B)?

2. Is A.R.S. § 23–1043.01(B) unconstitutional under Arizona Constitution art. 18, § 8?

[1] Initially we note that the claimant has the burden of proof to establish all of the material elements of a compensable claim. *Toto v. Industrial Comm'n*, 144 Ariz. 508, 698 P.2d 753 (App.1985). In the instant case, claimant alleges that he sustained a mental injury arising out of and in the course of his employment. Thus he must meet the specific requirements of A.R.S. § 23–1043.01(B):

> A mental injury, illness or condition shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless some unexpected, unusual or extraordinary stress related to the employment or some physical injury related to the employment was a substantial contributing cause of the mental injury, illness or condition.

Added by Laws 1980, ch. 246, § 32.

Thus, unless a stress-producing event is found to be "unusual, unexpected or extraordinary," a resulting emotional disturbance does not constitute an injury by accident arising out of the employment within the purview of A.R.S. § 23–1043.01(B), and

is therefore not compensable as an industrial injury.

We decline to hold that notice of a possible job loss or reduction in pay is sufficiently unexpected, unusual or extraordinary in modern society to justify compensation benefits for a worker's resulting emotional injury. Quite understandably, claimant has cited no authority in direct support of a contrary result. In that regard, although there is no Arizona authority on the subject, we note that in substantially all of the jurisdictions that have even tangentially touched upon the issue, the courts have held or indicated that emotional distress arising from concern over job security is not compensable as an industrial injury. Professor Larson has summarized a number of these authorities as follows:

> Apart from some distinctly unusual accompanying circumstances such as being under investigation, mere anxiety over job loss has failed to produce awards in the great majority of reported cases. The basic idea is that, in a private enterprise system, the possibility of job loss is a normal and expected feature of employment life, as is also the attendant insecurity and worry. (Citations omitted.)

1B Larson, *Law of Workmen's Compensation* § 38.65(d) at 7–257 (1986).

In *School Dist. v. Dept. of Industry*, 62 Wis.2d 370, 215 N.W.2d 373 (1974), the claimant was a high school counselor who sustained an acute anxiety reaction allegedly resulting from her receipt of a list of suggestions from the student council that, among other things, called for the termination of her employment. In reversing a decision of the Department finding claimant's claim compensable, the Wisconsin Supreme Court stated that,

> [h]ere the emotional stress is no greater than the many differences and irritations to which all employees are subjected and is not an accident compensable under Workmen's Compensation. The mere receipt of a partially blacked out list of suggestions prepared by the student council which asked for her dismissal

could not be deemed to be so out of the ordinary from the countless emotional strains and differences that employees encounter daily without serious mental injury.

*Id.* at 377.

In *Millar v. Town of Newburgh*, 43 A.D.2d 641, 349 N.Y.S.2d 218 (1973), the decedent became emotionally upset at the employer's decision to divide his employment duties and assign a portion thereof to another at a higher salary than decedent was then receiving. In reversing a decision of the Workmen's Compensation Board awarding benefits, the Appellate Division of the Supreme Court of New York stated:

> Every employee has concerns at times about his relationship with his employer. He is concerned about doing a satisfactory job, being promoted, getting pay increases and even at times worried about possibly being discharged or laid off. These concerns naturally produce an emotional reaction, admittedly more in some than in others, but it is a natural reaction faced by all who work, and except that it arises from an employment relationship, it is similar to reactions that we undergo in facing the anxieties present in all of our activities in life, work connected or otherwise.

*Id.* at 220. *See also John M. Korsun's Case*, 354 Mass. 124, 235 N.E.2d 814 (1968); *Kern v. Ideal Basic Industries*, 101 N.M. 801, 689 P.2d 1272 (App.1984).

In support of his contention that Trailways' proposed actions to reduce costs, and the rumors connected therewith, were unusual and extraordinary events, claimant relies on *Fireman's Fund Ins. Co. v. Industrial Comm'n*, 119 Ariz. 51, 579 P.2d 555 (1978). However, that case offers little support for claimant's position because the claimant in *Fireman's Fund* was specifically singled out for different and more demanding jobs than other employees.

> [T]here is here a claimant upon whom more and more work and responsibility was constantly being placed by her employer so that eventually the work and

responsibility became more than she could tolerate.

*Id.* at 54–55, 579 P.2d at 558–59. The crux of *Fireman's Fund* is that an employee's mental breakdown caused by the employer's selective and adverse conduct toward that specific employee is compensable. Such discriminatory actions by the employer qualify as unusual, unexpected, and extraordinary. *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 734 P.2d 580 (1987). To the contrary, claimant in the instant case faced no such selective abuse from his employer. Further, in *Sloss v. Industrial Comm'n*, 121 Ariz. 10, 588 P.2d 303 (1978), our supreme court set the following limitations on its holding in *Fireman's Fund:*

> *Fireman's Fund* does not mean that every emotional condition even though work-related is compensable.... To qualify as an injury by accident, the condition must have been produced by the unexpected, the unusual, or the extraordinary stress.

*Id.* at 11, 588 P.2d at 304; *Revlon. See also Archer v. Industrial Comm'n*, 127 Ariz. 199, 619 P.2d 27 (App.1980); *Pima Community College v. Industrial Comm'n*, 137 Ariz. 137, 669 P.2d 115 (App. 1983). Thus, the Arizona case law prior to the 1980 enactment of A.R.S. § 23–1043.01(B) had already decreed that mental stress resulting in mental illness was required to be unexpected, unusual, or extraordinary in order to be compensable as an industrial injury.

Claimant's argument that Trailways was "at fault" by threatening to break a binding union contract is not conclusively supported by the record and would have little relevance in any event. The concept of "fault" has no place in a determination as to whether to award or deny workers' compensation benefits. *See, e.g., Colvert v. Industrial Comm'n*, 21 Ariz.App. 409, 520 P.2d 322 (1974).

Claimant next argues that his claim would have been compensable under Arizona case law prior to the passage of A.R.S. § 23–1043.01(B), and that the enactment of that statute thus "diminished" the percentage or amount of compensation that he would have been entitled to, thus violating Arizona Constitution art. 18, § 8. That section provides in relevant part:

> The percentages and amounts of compensation ... shall never be reduced ... except by initiated or referred measure as provided by this Constitution.

We note that there is a strong presumption supporting the constitutionality of a legislative enactment and the party asserting its unconstitutionality bears the burden of overcoming the presumption. *Toto v. Industrial Comm'n*, 144 Ariz. 508, 698 P.2d 753 (App.1985); *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977). As discussed earlier in this opinion, claimant's mental breakdown is not compensable under either the prior case law or the statute. Further, in *Toto*, this court considered and rejected an almost identical constitutional challenge to A.R.S. § 23–1043.01(B) and we also reject it here. The statutory provision in question affects neither the percentage nor the amount of compensation.

In summary, threatened economic hardship, including such naturally traumatic events as lay offs and plant closures, may indeed set the stage for varying degrees of emotional distress on the part of the affected employees. Their remedy, however, does not lie with workers' compensation benefits. Other remedies or social programs must be pursued.

We conclude that claimant's mental injury did not result from unexpected, unusual, or extraordinary stress related to his employment within the meaning of A.R.S. § 23–1043.01(B) and that it is therefore not compensable as an industrial injury.

Award affirmed.

FROEB, C.J., and CONTRERAS, J., concur.