774 P.2d 221

Helen MURPHY, Guardian ad litem for Kenneth Murphy, an incompetent person, Petitioner/Appellant,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Honeywell, Inc., Respondent Employer,

Honeywell, Inc., c/o Aetna Technical Service, Respondent Carrier.

No. CV-88-0239-PR.

Supreme Court of Arizona, In Banc.

May 2, 1989.

Ely, Bettini & Ulman by Walter R. Ulman, Phoenix, for petitioner/appellant.

Catherine A. Fuller, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Jones, Skelton & Hochuli by J. Russell Skelton, Calvin Harris, and Melinda K. Kelley, Phoenix, for respondent employer/carrier.

CAMERON, Justice.

## I. JURISDICTION

Helen Murphy, as guardian ad litem for her husband Kenneth Murphy, filed a claim for workers' compensation benefits. The employer's insurance carrier denied her claim. After a hearing, the administrative law judge agreed. Claimant appealed to the court of appeals, 157 Ariz. 493, 759 P.2d 639, (App.1988), which affirmed the administrative law judge. We granted claimant's petition for review. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. §§ 12–120.24, 23–948 and Ariz.R.Civ.App.P. 23, 17 A.R.S.

## II. ISSUE

We must decide if a physical injury caused by the claimant's emotional response to being notified of his job displacement is an "accident arising out of and in the course of" the claimant's employment.

## III. FACTS

For eleven years, Kenneth Murphy worked in the tool crib section of the respondent-employer, Honeywell. Murphy inventoried, repaired and distributed small tools. Before that, Murphy had worked in Honeywell's maintenance department for eight years. At the time of the accident, Murphy was 61 years old.

During the summer of 1985, Honeywell was forced to lay off many of its employees because of financial difficulties. The plant workers generally knew there would be layoffs. Murphy was concerned about the possibility of being laid off or transferred to a different department. He was also concerned about his financial situation and for approximately two months before the injury, he experienced trouble sleeping.

On 8 August 1985, Jim Enk, Murphy's supervisor, told Murphy that he would be transferred to the assembly crew. Enk also told Murphy that he would be receiving a one-third pay cut and that he would be working under a new manager, who was reputed to be difficult to work with. Murphy had never been trained to work as an assembler. Upon hearing this news, Murphy inquired about taking early retirement, but Enk told him that he still had a job. After Enk started to walk away, Murphy fell to the ground, striking his head on the tiled floor. Murphy has been in a coma since the accident and is expected to remain in a vegetative state permanently.

According to the expert testimony presented at the administrative hearing, Murphy suffered an epidural hematoma as a result of hitting his head on the tile floor. The administrative law judge adopted the testimony of G. Scott Tyler, M.D., and Paul Bindelglas, M.D., that Murphy fainted because of the emotional shock he suffered upon hearing the news of his displacement.

The administrative law judge held that A.R.S. § 23–1043.01(B) governed and denied the claim. That section provides that a mental injury, illness or condition is not compensable unless some unexpected, unusual or extraordinary stress related to the employment was a substantial contributing cause. The administrative law judge further ruled that even if Murphy suffered unexpected, unusual or extraordinary stress, he could not recover because the physical injury did not arise out of his employment.

The court of appeals affirmed the administrative law judge's award but on different grounds. First, the court of appeals held that A.R.S. § 23–1043.01(B) did not apply, but instead that the general statute A.R.S. § 23–1021 controlled. Second, the court of

appeals held that the same standard that applied in A.R.S. § 23–1043.01(B) cases also applied in this case and, because the stress was not unexpected, unusual or extraordinary, Murphy was not entitled to benefits.

We granted claimant's petition for review.

## IV. DISCUSSION

■ As noted above, the administrative law judge decided this case under A.R.S. § 23–1043.01(B), which reads:

A mental injury, illness or condition shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless some unexpected, unusual or extraordinary stress related to the employment or some physical injury related to the employment was a substantial contributing cause of the mental injury, illness or condition.

In the instant case, Murphy is claiming compensation for a *physical* injury that was the result of emotional stress and not for a "mental injury, illness or condition." We agree with the court of appeals that the general compensation provision, A.R.S. § 23–1021, applies, not A.R.S. § 23–1043.01(B).

The general compensation statute reads:

Every employee coming within the provisions of this chapter who is injured, and the dependents of every such employee who is killed by *accident arising out of and in the course of his employment,* wherever the injury occurred, unless the injury was purposely self-inflicted, shall be entitled to receive and shall be paid such compensation for loss sustained on account of the injury or death, such medical, nurse and hospital services and medicines, and such amount of funeral expenses in event of death, as are provided by this chapter.

A.R.S. § 23–1021(A) (emphasis added). This statute entitles an employee to receive compensation if he is injured by an accident arising out of and in the course of his employment.

### 1. *Was There an Accident?*

The court of appeals relied on three cases to support its holding that there was no injury by accident: *Lapare v. Industrial Comm'n,* 154 Ariz. 318, 742 P.2d 819 (App.1987); *Pima Community College v. Industrial Comm'n,* 137 Ariz. 137, 669 P.2d 115 (App.1983); and *Sloss v. Industrial Comm'n,* 121 Ariz. 10, 588 P.2d 303 (1978).

In *Lapare,* the claimant suffered a mental breakdown as the result of fear and anxiety of losing his job and sought compensation for the mental breakdown. The court of appeals upheld a denial of compensation.

Thus, unless a stress-producing event is found to be "unusual, unexpected or extraordinary," a resulting emotional disturbance does not constitute an injury by accident arising out of the employment within the purview of A.R.S. § 23–1043.01(B), and is therefore not compensable as an industrial injury.

We decline to hold that notice of a possible job loss or reduction in pay is sufficiently unexpected, unusual or extraordinary in modern society to justify compensation benefits for a worker's resulting emotional injury.

*Lapare,* 154 Ariz. at 319–20, 742 P.2d at 820–21. *Lapare* was decided under A.R.S. § 23–1043.01(B) and not under A.R.S. § 23–1021, the general statute.

In *Sloss,* the claimant, a highway patrolman, suffered "chronic anxiety" due to the stress of his job. This anxiety caused a physical condition diagnosed as gastritis. Ultimately, Sloss took medical retirement. After Sloss filed a claim for his gastritis, he filed a second claim for his emotional condition. In denying compensation for the emotional condition, the hearing officer found the following:

[T]he stresses to which the applicant was exposed in his employment were the same as, and no greater than, those imposed upon all other Highway Patrolmen in the same type of duty. He was exposed to nothing other than the usual

ordinary and expected incidents of his job as a Highway Patrolman.

*Sloss v. Industrial Comm'n,* 121 Ariz. 10, 11–12, 588 P.2d 303, 304–05 (1978). The claim in *Sloss* was a claim for mental or emotional disability that A.R.S. § 23–1043.01(B) (enacted in 1980) would now control.

In *Pima Community College,* the claimant worked for ten years in the Pima Community College Library and was the only male under the supervision of a female superior who singled him out for abuse and harassment. Claimant testified that at times the supervisor swore and threw things at him.

In 1979, the library employed computerized systems for many jobs previously done manually. The applicant's job as a bibliographical researcher was eliminated. While other jobs were also eliminated, the applicant was the only employee who was not given a specific area of responsibility. Instead, the applicant filled in for other employees on sick leave or vacation. The applicant testified that the continual switching of jobs within the library prevented him from becoming proficient at the computerized jobs and increased his frustration level. Eventually, the applicant was assigned the responsibility of tracking lost books. Under this new assignment, the applicant's workload became unpredictable.

During his period of employment, the applicant suffered from heartburn and abdominal problems related to the heartburn. The applicant testified that the frequency and severity of the heartburn became progressively worse.

*Pima Community College,* 137 Ariz. at 139, 669 P.2d at 117.

The court of appeals decided the matter under the general statute, A.R.S. § 23–1021, stating:

> We find that this section [A.R.S. § 23–1043.01(B)] applies only to claims for benefits arising from a "mental injury, illness or condition." Although the applicant's condition is aggravated by emotional stress, the illness or condition

for which he seeks benefits is physical in nature.

*Pima Community College,* 137 Ariz. at 139 n. 1, 669 P.2d at 117 n. 1. In finding for the claimant, the court of appeals based its decision at least in part on the fact that the stress was unusual.

We do not believe these cases (*Lapare, Sloss* and *Pima Community College*) apply to this matter because the facts in this case indicate that there was an accident under the general statute of A.R.S. § 23–1021.

We have defined "accident" to mean an "unexpected injury-causing event...." *Brock v. Industrial Comm'n,* 15 Ariz.App. 95, 96, 486 P.2d 207, 208 (1971). We have also noted:

> "Arizona follows the English and now majority American view that an injury is caused 'by accident' when either the external cause or the resulting injury itself is unexpected or accidental."

*Fireman's Fund Ins. Co. v. Industrial Comm'n,* 119 Ariz. 51, 53, 579 P.2d 555, 557 (1978) (quoting *Paulley v. Industrial Comm'n,* 91 Ariz. 266, 272, 371 P.2d 888, 893 (1962)).

There is no question that the fall caused the injury and the fall resulted from Murphy's reaction to the news that he was being displaced. The medical witnesses testified that Murphy received the epidural hematoma when he hit his head on the floor. No other cause for the injury was presented at the administrative hearing. We believe that both the external cause and the resulting injury were unexpected and constituted an accident under A.R.S. § 23–1021.

### 2. *Was the Injury Work Related?*

The requirement that an injury "arise out of" the employment to be compensable refers to the origin or cause of the injury. *Royall v. Industrial Comm'n,* 106 Ariz. 346, 349, 476 P.2d 156, 159 (1970); *Peter Kiewit Sons' Co. v. Industrial Comm'n,* 88 Ariz. 164, 168, 354 P.2d 28, 30 (1960). "[T]he 'arising out of' portion [of the test] requires a causal relation between the employment and the injury." *Truck*

*Ins. Exchange v. Industrial Comm'n,* 22 Ariz.App. 158, 160, 524 P.2d 1331, 1333 (1974). *See also Globe Indem. Co. v. Industrial Comm'n,* 23 Ariz.App. 109, 110, 530 P.2d 1142, 1143 (1975) (an injury arises out of the employment "when a causal connection is found to exist between the employment activity and the injury"). In the instant case, Murphy's physical injury resulted from work-related stress and, we believe, arose out of his employment. It is ironic that had Murphy tripped and fallen on the hard floor during work or had hit some machinery on the way down there would be little question that the accident arose out of and in the course of his employment. We do not believe, however, that falling to a floor as opposed to falling on a piece of machinery should make any difference.

Other courts have held that job changes can cause stress that is work-related. *See Gamble v. New York State Narcotics Addict Control Comm'n,* 60 A.D.2d 703, 400 N.Y.S.2d 599 (1977) (awarding compensation for a mental breakdown and suicide caused by a job change); *State Accident Ins. Fund Corp. v. Varner,* 89 Or.App. 421, 749 P.2d 606 (1988) (claimant who suffered mental illness caused by stress of job demotion and discipline was entitled to workers' compensation); *Korter v. EBI Cos. Inc.,* 46 Or.App. 43, 610 P.2d 312 (1980) (temporary psychiatric disability caused by demotion arose out of employment); *Consolidated Freightways v. Drake,* 678 P.2d 874 (Wyo.1984) (mental injury caused by demotion arose out of the employment and was compensable).

■ The requirement that an injury occur "in the course of" employment refers to the time and place of the injury. *Globe Indem. Co. v. Industrial Comm'n,* 23 Ariz.App. 109, 110, 530 P.2d 1142, 1143 (1975). In this case, the injury occurred at work during work hours and while Murphy was engaged in a reasonable activity of his employment. The injury clearly occurred in the course of his employment.

We agree with the Massachusetts Supreme Judicial Court:

The only new question presented by this case, then, is whether disability that results from an employee's learning that she will be laid off from one department and assigned to another may be said to arise out of and in the course of employment, as is required for entitlement to workers' compensation under G.L. c. 152.

... We have no doubt that that event was such an incident, particularly in view of the long-standing principle that the worker's compensation statute should be construed, whenever possible, in favor of the employee so as "to promote the accomplishment of its beneficent design." *Young v. Duncan,* 218 Mass. 346, 349, 106 N.E. 1 (1914).

... Furthermore, it is settled law that an employer takes his employee "as is," that is, with whatever peculiar vulnerabilities to injury the employee may have, and that "an identifiable incident or strain need not be unusual or severe to support compensation if the particular employee succumbs to it." *Zerofski's Case,* [385 Mass. 590, 593, 433 N.E.2d 869, 871 (1982)].

*Kelly's Case,* 394 Mass. 684, 686–87, 477 N.E.2d 582, 584 (1985).

We believe Murphy suffered an injury by accident that arose out of and in the course of his employment.

## V.  DISPOSITION

The court of appeals' decision is vacated and the award is set aside.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER, J., concur.

Justice WILLIAM A. HOLOHAN participated in this matter but retired prior to the filing of this opinion; Justice ROBERT J. CORCORAN did not participate in the determination of this matter.