1659

Joseph LINNEN, Appellant v. BEAUFORT COUNTY SHERIFF'S DEPARTMENT and SC State Workers' Compensation Fund, Respondents.

(408 S.E. (2d) 248)

Court of Appeals

*Bernard McIntyre*, of *Moss, Dore, Kuhn & McIntyre*, Beaufort, *for appellant.*

*Chief Counsel E. Ros Huff*, of *State Workers' Compensation Fund*, Columbia, *for respondents.*

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. Richard P. Wilson*, Columbia, *for respondent.*

Heard March 19, 1991; Decided May 13, 1991.

On Rehearing Sept. 12, 1991.

GARDNER, Judge:

Joseph Linnen, an employee of the Beaufort County Sheriff's Department for ten years, was fired by the sheriff, and as a result fainted, fell and suffered injuries. He filed an application for workers' compensation benefits for injuries to his

head, back and knees. The Hearing Commissioner held that Linnen's injuries were suffered by accident arising out of and in the course of his employment with Beaufort County. The Full Commission affirmed the Hearing Commissioner's order. By the appealed order, the Court of Common Pleas reversed. We reverse the appealed order and remand the matter to the Commission.

## ISSUE

The sole issue of merit is whether the alleged injuries were the result of a compensable accident under the Workers' Compensation Act.

## FACTS

We briefly review the facts as found by the Hearing Commissioner and affirmed by the Full Commission. Linnen was a deputy sheriff of Beaufort County. On February 2, 1987, Linnen arrived for work at the sheriff's department and was performing his duties when he was called to the sheriff's office. After accusing Linnen of violating departmental policy by soliciting donations for his disabled daughter, the sheriff summarily fired him. Linnen fainted and injured himself when he fell to the floor.

The appealed order was based upon a decision of the Arizona Court of Appeals which was later vacated by the Arizona Supreme Court. *Murphy v. Industrial Comm'n of Arizona,* 157 Ariz. 493, 759 P. (2d) 639 (Ct. App. 1988) *(Murphy 1),* vacated, 160 Ariz. 482, 774 P. (2d) 221 (1989) *(Murphy 2).* The appealed order analyzed the facts as if Linnen suffered a mental injury, such as a nervous breakdown, and held that he could not recover because the manner in which he was discharged was not an unusual or extraordinary condition of his employment.

No one disputes that Linnen was in the course of his employment when injured. The question of the case is whether Linnen's injuries arose out of his employment.

## DISCUSSION

When the Arizona Supreme Court vacated the Court of Appeals decision in *Murphy 1,* it rejected the reasoning upon which the trial judge in the case before us based his decision.

The Supreme Court of Arizona found that Murphy had suffered a physical injury resulting from a mental stimulus or stressor.

In *Murphy 2*, the Arizona Supreme Court found it ironic that if Murphy had tripped and been injured there would have been no question but what the injuries would have been compensable. The court then held that Murphy had suffered a physical injury which came within the definition of an accident under the Arizona workers' compensation law. Arizona law is similar to ours. In *Murphy 2*, the Arizona Supreme Court held: "Arizona follows the English and now majority American view that an injury is caused 'by accident' when either the external cause or the resulting injury itself is unexpected or accidental." *Murphy 2*, 160 Ariz. at 485, 774 P. (2d) at 224, [quoting *Fireman's Fund Ins. Co. v. Industrial Comm'n*, 119 Ariz. 51, 53, 579 P. (2d) 555, 557 (1978)].

Under the law of South Carolina, an "accident" as used in the Workers' Compensation Act is an unlooked for and an untoward event which is not expected or designed by the person who suffers the injury. *Yates v. Life Ins. Co. of Georgia*, 291 S.C. 301, 353 S.E. (2d) 297 (Ct. App. 1987). Furthermore, an accident is an event not within one's foresight and expectation and may be due to purely accidental causes or may be due to oversight and negligence, carelessness, fatigue, or miscalculation of the effects of voluntary action. *Lanford v. Clinton Cotton Mills*, 204 S.C. 423, 30 S.E. (2d) 36 (1944).

Our Supreme Court has clearly indicated that when a worker's fall and resulting injuries are work related, the injuries are compensable. In the case of *Bagwell v. Ernest Burwell, Inc.*, 227 S.C. 444, 88 S.E. (2d) 611 (1955), although compensation for the claimant's unexplained fall was denied, the Court set forth principles that guide us in this case:

It must be conceded that the deceased's fall occurred in the course of his employment but this alone furnishes no basis for an award. It must be further shown either that the cause of the fall or of the resulting injury bore some special relation to his work or to the conditions under which it was performed.

227 S.C. at 450, 88 S.E. (2d) at 613.

In analyzing this case and other similar cases, the fact finder must establish whether a person's tendency to faint in itself caused the fall and resulting injury or whether the fainting was precipitated by work conditions or by a work-related occurrence.

In workers' compensation cases, the Full Commission is the ultimate fact finder, and neither the trial court nor this Court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. *DeBruhl v. Kershaw County Sheriff's Dept.*, — S.C. —, 397 S.E. (2d) 782 (Ct. App. 1990). The only question before the Court of Common Pleas and this Court is whether the record contains substantial evidence supporting the Commission's finding. We hold that it does. This being so, Linnen's injuries are compensable because the Hearing Commissioner found that the injuries arose out of Linnen's employment. Without explicitly saying so, the Commission's holding is in accord with the principle that a physical injury resulting from a mental (as distinguished from a physical) impact or stimulus is compensable.

The record contains substantial evidence that as a result of being fired under these circumstances Linnen suffered a fainting spell[1] and fell injuring his head, back and knee. The record contains substantial evidence to support the Commissioner's finding. We, therefore, hold that the appealed order of the Court of Common Pleas erroneously reversed the order of the Hearing Commissioner.

The appealed order is reversed and the case is remanded to the Workers' Compensation Commission for further proceedings.

Reversed and remanded.

SHAW and BELL, JJ., concur.

---

[1] The Hearing Commissioner described Linnen's accident as a syncopal reaction. Taber's Encyclopedic Medical Dictionary (16th ed.) (1989) contains the following definitions:

Syncopal—marked by syncope.

Syncope—a transient loss of consciousness due to inadequate blood flow to the brain.

SYN—fainting, swoon.