7 P.3d 142

**TUCSON UNIFIED SCHOOL DISTRICT,**
Petitioner Employer,

**Mountain States Adjusting Agency,**
Petitioner Insurer,

v.

**The INDUSTRIAL COMMISSION**
**OF ARIZONA, Respondent,**

Thomas D. Fisher, Respondent Employee.

No. 2 CA–IC 00–0003.

Court of Appeals of Arizona,
Division 2, Department B.

June 22, 2000.

Redesignated as Opinion and
Publication Ordered Aug. 2, 2000.

Bury, Moeller, Humphrey & O'Meara By J. Michael Moeller and M. Ted Moeller, Tucson, Attorneys for Petitioners Employer and Insurer.

The Industrial Commission of Arizona By Anita R. Valainis, Phoenix, Attorney for Respondent.

Watters & Watters, P.C. By Andrea E. Watters, Phoenix, Attorneys for Respondent Employee.

## OPINION

BRAMMER, Presiding Judge.

¶1 In this statutory special action, petitioners Tucson Unified School District and

Mountain States Adjusting Agency challenge the award of the administrative law judge (ALJ), finding compensable respondent Thomas Fisher's physical maladies, which, the ALJ found, had stemmed from a noncompensable stress-related mental condition. Because we conclude the ALJ erred in finding Fisher's physical condition was a compensable injury, we set aside the award.

### Facts and Procedural History

■ ¶ 2 We view the evidence in the light most favorable to sustaining the ALJ's findings. *Rent A Center v. Industrial Comm'n*, 191 Ariz. 406, 956 P.2d 533 (App.1998). Fisher was employed as a special education teacher by the school district from 1991 to 1997. He filed a claim for benefits with the Industrial Commission in March 1998, asserting he was suffering from "stress due to [a] hostile work environment." After his claim was denied, Fisher requested a hearing.

¶ 3 Fisher testified that, after he had prepared and circulated a petition concerning students' conduct, his school's principal and vice principal had repeatedly harassed him. He said their actions had been the source of his mental stress. His physician testified that, as a result of the alleged abuse, Fisher was suffering from a work-related, mental-stress injury with accompanying physical symptoms. The ALJ found that, although Fisher had been "feeling significant stress from the work environment," he had not been "intentionally 'singled out' or harassed by the [school's] administration." Accordingly, the ALJ found that Fisher had not been subjected to unexpected, unusual, or extraordinary stress related to his employment as required by A.R.S. § 23–1043.01(B), the mental-injury compensation statute.

¶ 4 Although the ALJ did not find Fisher's mental injuries of anxiety and depression compensable, he nevertheless found that, "because of [Fisher's] own actions and the various situations at school, he had a level of stress that resulted in physical symptoms [of nervousness, sleeplessness, and gastrointestinal upset] which needed treatment." The ALJ therefore concluded that Fisher's physical maladies were compensable injuries under A.R.S. § 23–1021, the general compensation statute. The ALJ affirmed his decision upon review, and this petition for special action followed.

### Discussion

■ ¶ 5 Accepting as true the ALJ's findings of fact, we review de novo his legal conclusions. *Fremont Indem. Co. v. Industrial Comm'n*, 182 Ariz. 405, 897 P.2d 707 (App.1995) (legal interpretations, including those pertaining to statutory construction, are reviewed de novo). The sole issue on review is whether a physical symptom or manifestation of a noncompensable mental condition is statutorily compensable. We conclude it is not.

■ ¶ 6 Section 23–1021 provides that accidents arising out of and in the course of employment are generally compensable. An injury by accident arises out of employment if a causal connection exists between the employment activity and the injury. *Globe Indem. Co. v. Industrial Comm'n*, 23 Ariz. App. 109, 530 P.2d 1142 (1975); *Truck Ins. Exchange v. Industrial Comm'n*, 22 Ariz. App. 158, 524 P.2d 1331 (1974). Because of the difficulty of showing a definite causal connection between work-related stress and a resulting mental injury or illness, such an injury is not compensable unless it is shown to be caused by some unexpected, unusual, or extraordinary stress related to the employment.[1] § 23–1043.01(B); *see Findley v. Industrial Comm'n*, 135 Ariz. 273, 660 P.2d 874 (App.1983); *see also Archer v. Industrial Comm'n*, 127 Ariz. 199, 203, 619 P.2d 27, 31 (App.1980) ("[E]motional stress may have multiple causes, some work-related, others not so related."), *overruled on other grounds,*

---

1. Although dicta in *Sloss v. Industrial Commission*, 121 Ariz. 10, 588 P.2d 303 (1978), suggests that whether a mental injury is causally related to employment is a separate inquiry from whether the stress-inducing factor is unexpected, unusual, or extraordinary, § 23–1043.01(B), enacted in 1980, provides that a mental injury is not an injury by accident arising out of employment and, thus, is not causally related to that employment, *Globe Indemnity Co.; Truck Insurance Exchange*, unless it is determined to have been caused by unexpected, unusual, or extraordinary work-related stress.

*Bush v. Industrial Comm'n,* 136 Ariz. 525, 667 P.2d 225 (App.1983).

¶ 7 By finding that Fisher had not been subjected to unexpected, unusual, or extraordinary work-related stress, the ALJ could only conclude as a matter of law that Fisher's mental injury was not causally related to his employment and, thus, that it was not an injury by accident arising out of his employment. § 23–1043.01(B); *Findley; Archer.* Consequently, the physical manifestations of that condition were also not work related, and thus were noncompensable. *See Sloss v. Industrial Comm'n,* 121 Ariz. 10, 588 P.2d 303 (1978) (claimant whose nervous condition caused him to suffer from gastritis did not have compensable claim because he was not exposed to any additional stress other than the usual, ordinary, and expected stress inherent in his employment); *cf. Pima Community College v. Industrial Comm'n,* 137 Ariz. 137, 669 P.2d 115 (App.1983) (because claimant showed that his esophageal condition was aggravated by unexpected, unusual, or extraordinary work-related stress, condition was compensable).

¶ 8 Pointing out that he suffers from physical as well as mental maladies, and citing *Murphy v. Industrial Commission,* 160 Ariz. 482, 774 P.2d 221 (1989), Fisher argues his physical symptoms are compensable injuries under the general compensation statute. We find Fisher's reliance on *Murphy* misplaced. In that case, the claimant sustained a severe head injury when he fainted at work immediately after hearing distressing work-related news. Thus, in *Murphy,* as in *Sloss,* the latter of which is factually similar to our case, work-related stress was asserted to be a precipitating factor of the claimant's injuries. The material similarities between the two cases end there however. As the *Murphy* court noted when it distinguished the facts of that case from its prior holding in *Sloss,* the claimant in *Murphy* did not sustain a mental injury by accident, as had the claimant in *Sloss.* Rather, he sustained solely a physical one. Accordingly, the mental-injury statute, with its requirement that the claimant show his or her injury was caused by unexpected, unusual, or extraordinary work-related stress, was inapplicable there.

¶ 9 Moreover, we see little practical difference between an employee who faints and injures his or her head at work after hearing stressful work-related news and one who does so after, for example, inhaling toxic fumes. Both scenarios are also clearly causally connected to work-related factors. Accordingly, whether the claimant's action of fainting in *Murphy* is characterized as an emotional response or a physical one, there was a clear causal connection between the work-related stress and its injurious physical effect on the claimant. It was, therefore, unnecessary for the claimant there to show that the stressful news was unexpected, unusual, or extraordinary.

¶ 10 Although *Pima Community College* held that all physical infirmities, even those precipitated by mental stress, are compensated under § 23–1021, it also held that, in order for the physical symptoms of mental stress to be compensable, the claimant must show that the mental injury was compensable under § 23–1043.01(B). Because Fisher failed to make such a showing, both his mental and physical maladies were noncompensable. *Sloss; Pima Community College.* Accordingly, we find the ALJ erred as a matter of law in awarding Fisher medical and disability benefits for his physical condition. Therefore, we set aside the award.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and JOSEPH W. HOWARD, Judge.