520 P.2d 324

**Hollis F. EMBREE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Kennecott Copper Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 776.**

Court of Appeals of Arizona, Division 1, Department B.

March 21, 1974.

Rehearing Denied April 30, 1974.

Review Denied May 21, 1974.

Peter T. Van Baalen, Phoenix, for petitioner.

Fennemore, Craig, von Ammon & Udall by Michael Preston Green, Phoenix, for respondents employer and carrier.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for carrier.

## OPINION

JACOBSON, Chief Judge, Division 1.

This review by writ of certiorari of an award of the Industrial Commission deals with the test to be applied in determining when an injured workman's intoxication constitutes an abandonment of his employment.

The petitioner, Hollis F. Embree, was employed by Kennecott Copper Corporation as a truckdriver, driving a 175-ton ore truck in Kennecott's open pit operation at its Ray Mine division. This job consisted of picking up ore in the truck at the bottom of the pit and hauling it to a crusher at the top of the pit and then returning to repeat the process.

On April 20, 1971, petitioner was working the swing shift from 4 p. m. to midnight. It appears to be uncontradicted that prior to going to work that afternoon, petitioner had consumed six to eight twelve-ounce cans of beer. After arriving at work and after being driven to the area where the petitioner's truck was parked and while preparing his truck for the evening haulage, petitioner fell, receiving an injury. Subsequent blood alcohol tests revealed a reading of .153%.

The sole issue before the hearing officer and the Commission was whether petitioner's state of intoxication was such that he had abandoned his employment thus making his subsequent injuries noncompensable. The Hearing Officer found no abandonment, while the Commission found that the intoxication was insufficient to constitute abandonment. In so ruling, the Commission made the following finding:

" . . . that said applicant had consumed intoxicating beverage to such an extent that he was no longer *capable of*

*properly performing the duties of his employment* and thus had abandoned said employment." (Emphasis added.)

■ Since we have determined that the Commission applied too stringent a test in reaching its result, and thus the award must be set aside, we have not set forth any additional evidentiary facts dealing with the extent of petitioner's state of intoxication.

The rule in Arizona dealing with intoxication as a bar to recovery in workmen's compensation cases was originally set forth in King v. Alabam's Freight Co., 38 Ariz. 205, 298 P. 634 (1931):

"It should be kept in mind that the Compensation Act of this state . . . does not make intoxication, or wilful [sic] misconduct which some authorities say includes intoxication, any more than it does careless or negligent acts, a bar to compensation." 38 Ariz. at 220, 298 P. at 639.

The King case went on to state:

"However, any employee, who drinks intoxicating liquor to such an extent that he can no longer follow his employment, abandons it and is not entitled to compensation for an injury received while in that condition . . . ." Id.

The *King* rule has not been substantially deviated from since its promulgation in 1931. *See,* Simpkins v. State Banking Dept., 45 Ariz. 186, 42 P.2d 47 (1935); Sherrill & La Follette v. Herring, 78 Ariz. 332, 279 P.2d 907 (1955); Ortega v. Ed Horrell & Son, 89 Ariz. 370, 362 P.2d 774 (1961).

■ It is clear under the law in Arizona that "simple" intoxication does not bar recovery, however, if this intoxication reaches a point where "he can no longer follow his employment" recovery is barred. The question then becomes, when is the point reached where "he can no longer follow his employment." The Commission would define this point as being reached when the state of intoxication is such that he can no longer "properly perform" his duties.

As previously indicated, we are of the opinion that this would place this point too early along the consumption road from rosy glow to drunken stupor. This is for the reason that any intoxication (consumption of alcohol) tends to impair the ability of an individual to function. If we say that a sober individual performs properly, any amount of consumption of alcoholic beverages is therefore going to impair that performance and a state of being "no longer capable of performing properly" will exist. To follow the Commission's rule to its logical conclusion would result in intoxication of any degree being a bar to compensation which is contrary to the settled law in Arizona.

■ If "incapable of properly performing" is not a true test, what is? We are convinced that when intoxication is such as to constitute an abandonment of employment must be determined from the facts of each individual case. However, certain guidelines do exist, such as when the intoxication is such that the workman can "no longer pursue his employment" (Larson on Workmen's Compensation Law § 34.20); when he can "no longer follow his employment" (King v. Alabam's Freight Co., supra); or when he is "incapacitated", (Sherrill & La Follette v. Herring, supra). All of these guidelines have connotations of being incapable of performing the duties of his employment, by reason of intoxication.

Under the facts of this case, it is apparent that petitioner was capable of performing those various incidental functions preparatory to entering upon his duties of driving an ore truck, such as checking in, attending a safety meeting, and riding to the site where his truck was parked.

However, whether the evidence would justify a trier of fact concluding that his state of intoxication was such that he was incapable of driving his truck, we will leave to the trier of fact on remand. What we are saying is not that the evidence would or would not justify barring petitioner from recovery under the law as

stated herein, but that the Commission utilized an invalid test in denying that recovery.

For the reasons herein stated, the award of the Commission is set aside.

HAIRE, P. J., and EUBANK, J., concur.