827 P.2d 485

**PRODUCERS COTTON OIL,**
**Petitioner Employer,**

**The Home Insurance Company,**
**Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION**
**OF ARIZONA, Respondent,**

**A.C. Rodgers, Jr., Respondent Employee.**

**No. 2 CA-IC 91-0059.**

Court of Appeals of Arizona,
Division 2, Department B.

March 10, 1992.

Potts & Peterson by Richard G. Potts, Phoenix, for petitioner employer and petitioner carrier.

The Industrial Com'n of Arizona by Anita R. Valainis, Chief Counsel, Phoenix, for respondent.

Miller, Pitt & McAnally, P.C. by Armando Rivera, Tucson, for respondent employee.

## OPINION

FERNANDEZ, Presiding Judge.

The only issue in this workers' compensation case is whether the administrative law judge (ALJ) erred in finding that respondent's injury is compensable when the evidence showed that his blood alcohol level was .21% to .23% at the time of his accident. We find no error and affirm the award.

Respondent was employed as a suction feeder at the Producers Cotton Oil cotton gin in Marana, Arizona. On October 31, 1990, respondent reported to work on time and began performing his normal work activities, including driving a tractor. As he attempted to dismount from the tractor, his pant leg caught on the left rear tire, and the tractor ran over him, breaking his hip. Respondent testified that he had been drinking beer before he reported to work. A hospital blood test showed he had a blood alcohol level of .195%, and petitioners' criminalist expert testified that would mean his level would have been between .21% and .23% at the time of the accident.

Petitioners contend on review that the ALJ erred in finding the injury compensable, arguing that because respondent's blood alcohol level was so high, he had effectively abandoned his employment.

Intoxication by itself is not a bar to workers' compensation in Arizona. *Ortega v. Ed Horrell & Son,* 89 Ariz. 370, 362 P.2d 744 (1961); *King v. Alabam's Freight Co.,* 38 Ariz. 205, 298 P. 634 (1931). Intoxication precludes an award of benefits only when an employee drinks to such an extent that he can no longer perform the duties of his employment, so that he can be said to have abandoned his employment. *Id.* The issue as to when intoxication is so great as to constitute an abandonment of employment must be determined from the facts of each case. *Embree v. Industrial Commission,* 21 Ariz.App. 411, 520 P.2d 324 (1974).

Petitioners essentially argue that respondent's alcohol level necessarily impaired his cognitive and motor skills to such an extent that he was totally incapable of performing his duties and that he thus effectively abandoned his employment. In support of their contention, petitioners cite the testimony of their expert that respondent was clearly impaired and not capable of safely operating the tractor at the time of his accident. He also testified, however, that an alcohol tolerant person would exhibit fewer symptoms at the level of blood alcohol respondent had. The expert stated that the medical records reflected that respondent is alcohol tolerant.

The ALJ found that respondent had reported to work on time and commenced performing his work duties before his accident. We will not substitute our judgment for that of the ALJ but review the evidence

to determine if there is a reasonable basis for his decision. We find that there was sufficient evidence to support his determination.

The award is affirmed.

HATHAWAY and DRUKE, JJ., concur.