99 P.3d 26

Austin **KOMALESTEWA**,
Petitioner Employee,

v.

**INDUSTRIAL COMMISSION OF ARIZONA**, Respondent,

**Stoneville Pedigree Seed**, Respondent Employer,

**Wausau Insurance Companies**, Respondent Carrier.

No. 1 CA–IC 03–0041.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 20, 2004.

Review Granted Feb. 8, 2005.

---

Don A. Fendon, P.C., Don A. Fendon, Phoenix, Attorney for Petitioner Employee.

Laura L. McGrory, Chief Counsel, Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Cross & Lieberman, P.A. by Donald L. Cross, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

HALL, Judge.

¶ 1 Employee Austin Komalestewa ("Komalestewa") appeals the decision of the Administrative Law Judge ("ALJ") finding his claim noncompensable. Komalestewa argues that the ALJ erred by determining that Komalestewa's intoxication at the time of his injury was a substantial contributing cause of his injury, thus barring his workers' compensation claim. *See* Ariz.Rev.Stat. ("A.R.S.") § 23–1021(C) and (H)(2) (Supp.2003) (providing that a claim is not compensable if the injured worker's alcohol or substance abuse impairment is a "substantial contributing cause" of the injury, defined as "anything more than a slight contributing cause"). Relying on *Grammatico v. Indus. Comm'n,* 208 Ariz. 10, 90 P.3d 211 (App.2004), Komalestewa also argues that, in any event, A.R.S. § 23–1021(C) violates Article 18, Section 8, of the Arizona Constitution by depriving workers of compensation for injuries "caused in whole, or in part, or … contributed to" by

necessary employment risks or dangers.[1] We conclude that Article 18, Section 8 does not prohibit the Legislature from differentiating between *necessary* and *unnecessary* employment risks, and making a legislative determination that an employee whose intoxication contributed to his injury did not suffer an injury "arising out of . . . employment." A.R.S. § 23–1021(C). Because reasonable evidence supports the ALJ's finding that Komalestewa's intoxication was "more than a slight contributing cause" of the injury, we affirm the award.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On the morning of November 7, 2001, Komalestewa was working at Stoneville Pedigree Seed ("Employer") tending to a conveyor belt. When the belt "bogged down," he crawled under the belt to put pressure on the drum. His right arm became caught in the belt resulting in serious injury. Komalestewa was flown to the Maricopa Medical Center emergency room, where he was treated and hospitalized for two months. He has not worked since the incident.

¶ 3 Wausau Insurance Companies ("Carrier") issued a notice of claim status denying the claim. Komalestewa protested the Carrier's denial and the case proceeded to formal hearings before the ALJ.

¶ 4 The ALJ heard testimony from Komalestewa and his wife, Employer's site manager (Lynn Adams) and Komalestewa's coworker (Stanley Kisko). Mrs. Komalestewa testified that on the night before the injury, she went to sleep before Komalestewa arrived home. The couple awoke at 5:00 a.m., and Komalestewa dropped her off at her place of employment on his way to work. Mrs. Komalestewa testified that her husband did not appear to be either inebriated or hung over that morning, nor did she smell alcohol on him when she kissed him goodbye.

¶ 5 Like Mrs. Komalestewa, Adams testified that he did not notice that Komalestewa was intoxicated when Adams spoke to him briefly at 8:00 a.m. on the day of the accident. Kisko testified that he saw no signs Komalestewa had been drinking or was hung over the morning of the accident. However, Komalestewa admitted that on the night prior to his injury he went home, ate, and had four drinks with vodka.

¶ 6 During a subsequent hearing, the ALJ heard testimony from Mary Richard, a registered nurse, and William Collier, a forensic scientist and toxicologist. Richard, on behalf of the Carrier, interviewed Komalestewa in the hospital approximately one week after the injury. Richard reviewed notes from the emergency transport team that indicated Komalestewa had alcohol on his breath at the time of his transport to the hospital. Richard testified that there was "documentation in the record that [Komalestewa] had tremors under anesthesia," was treated for "DTs" (detoxification tremors), and had his blood drawn at 9:36 a.m.

¶ 7 On behalf of the Carrier, Collier testified that based on the blood tests taken the day of the accident, he calculated Komalestewa's blood-alcohol content level ("BAC") to have been at least 0.176 at the time of the accident. Collier also testified that at that level, Komalestewa would have "significant . . . critical judgment impairment, muscular incoordination . . . considerably longer reaction time, . . . and made the wrong choices in a panic situation." Based on his experience, Collier opined that Komalestewa's level of intoxication at the time of the injury was a significant contributing factor to the accident.

¶ 8 Following the hearings, the ALJ initially issued a decision concluding that Komalestewa had sustained a compensable injury. The Carrier and Employer filed a request for review. In his subsequent decision upon review, the ALJ discounted the testimony of both Adams and Kisko, applied A.R.S. § 23–1021(C), and concluded that the claim was noncompensable because Komalestewa's intoxication had substantially contributed to the accident. Komalestewa filed a timely

---

1. In *Grammatico,* a divided panel of this court determined that A.R.S. § 23–1021(D) (Supp. 2003), which bars a claim by an injured employee who subsequently fails to pass a drug use or alcohol impairment test, violated Article 18, Section 8, as applied in that case. *Id.* at 11, ¶ 11, 90 P.3d at 212.

petition for special action review with this court. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(2) (2003) and 23–951(A) (1995).

## STANDARD OF REVIEW

¶ 9 We deferentially review an ALJ's factual findings, but we independently review his legal conclusions. *Young v. Indus. Comm'n,* 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App.2003). The constitutionality of a statute is reviewed de novo, beginning with the strong presumption that the statute is constitutional. *See, e.g., Lapare v. Indus. Comm'n,* 154 Ariz. 318, 321, 742 P.2d 819, 822 (App.1987). Komalestewa, as the party challenging the constitutionality of § 23–1021(C) and (H)(2), bears the burden of overcoming this presumption. *Id.* We will declare these statutes unconstitutional only if we are satisfied beyond a reasonable doubt that they conflict with Article 18, Section 8, of our constitution. *See Chevron Chem. Co. v. Superior Court,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982).

## DISCUSSION

### I. Application of A.R.S. § 23–1023(C)

¶ 10 We address first the ALJ's determination that Komalestewa's consumption of alcohol was a substantial contributing cause of his injury. *See City of Tempe v. Outdoor Sys., Inc.,* 201 Ariz. 106, 109, ¶ 7, 32 P.3d 31, 34 (App.2001) (explaining judicial policy is to avoid addressing constitutional issues unless absolutely necessary to resolve a case). Komalestewa argues that the ALJ erred by determining that Komalestewa's use of alcohol rendered his claim noncompensable pursuant to A.R.S. § 23–1021(C). Although Komalestewa does not deny that his BAC level that morning was 0.176, he denies that this substantially contributed to his work-related injury. Komalestewa asserts that the testimony of both Adams and Kisko supports a finding that his intoxication was not a substantial contributing cause to the injury. The Carrier and Employer both respond that the evidence supports the ALJ's contrary finding that Komalestewa's intoxi-

cation was more than a "slight contributing cause" of the injury, *see* A.R.S. § 23–1021(H)(2), thus rendering the claim noncompensable pursuant to A.R.S. § 23–1021(C).

¶ 11 Before 1996, A.R.S. § 23–1021(A) (1995) entitled an employee to workers' compensation for an injury suffered in an accident "arising out of and in the course of his employment" unless the injury was "purposely self-inflicted." Applying the pre-amendment version of the statute, Arizona courts held that before a workers' compensation claim could be determined to be noncompensable based on intoxication, the employee had to be so impaired as to have effectively abandoned his job. *See Producers Cotton Oil v. Indus. Comm'n,* 171 Ariz. 24, 25, 827 P.2d 485, 486 (App.1992) (to be noncompensable, injured employee would have to be so intoxicated as to be incapable of performing his job functions, thus abandoning his employment; employee with 0.21–0.23 BAC at the time of accident had compensable claim because he continued to work even though intoxicated); *Fisher Contracting Co. v. Indus. Comm'n,* 27 Ariz.App. 397, 401–02, 555 P.2d 366, 370–71 (1976) (employee must be unable to perform employment functions; benefits awarded with BAC of 0.16); *Embree v. Indus. Comm'n,* 21 Ariz.App. 411, 413, 520 P.2d 324, 326 (1974) (intoxication was not sufficient to constitute abandonment if employee was capable of performing job duties; employee had BAC of 0.153).

¶ 12 In 1996, the legislature amended A.R.S. § 23–1021, adding subsection (C), to provide:

An employee's injury or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter if the impairment of the employee is due to the employee's use of alcohol ... and is a substantial contributing cause of the employee's personal injury or death.

1996 Ariz. Sess. Laws, ch. 130.

¶ 13 In 1999, the legislature further amended A.R.S. § 23–1021, adding in part subsection (H)(2). 1999 Ariz. Sess. Laws, ch. 331, § 3. Subsection (H)(2) provides that a " '[s]ubstantial contributing cause' means

anything more than a slight contributing cause." A.R.S. § 23–1021(H)(2).

¶ 14 There are no Arizona reported decisions interpreting the effect of the above statutory amendments.[2] In his opening brief, Komalestewa relies on the above-mentioned abandonment cases to contend the ALJ erred in denying the claim because he had not abandoned his work. In his reply brief, Komalestewa modifies his argument to contend the above amendments to A.R.S. § 23–1021 changed the standard for noncompensability, but only to make a claim noncompensable where alcohol use was the actual cause of the accident. Thus, according to Komalestewa, if an employee is injured while performing a work-related function, the injury is compensable unless the employer can show that the alcohol and not the work activity caused the injury. Carrier and Employer claim the statute supersedes the abandonment standard and makes any claim noncompensable if the alcohol was anything more than a slight contributing cause to the injury.

 ¶ 15 In resolving questions of statutory interpretation, we are guided by

> our duty to liberally construe the Act to effect its purpose of having industry bear its share of the burden of human injury as a cost of doing business. But, a liberal construction is not synonymous with a generous interpretation. The court may not impose burdens and liabilities which are not within the terms or spirit of the Act.

*Putz v. Indus. Comm'n,* 203 Ariz. 146, 150–51, ¶ 24, 51 P.3d 979, 983–84 (App.2002) (internal quotations and citations omitted).

 ¶ 16 In this instance, we are bound by the clear language in A.R.S. § 23–1023(C) and(H)(2). A court's "primary goal when interpreting a statute is to give effect to the legislature's intent. Statutory language is the best indicator of that intent and we will give terms their ordinary meanings, unless the legislature has provided a specific definition...." *Kessen v. Stewart,* 195 Ariz. 488, 490–91, ¶ 6, 990 P.2d 689, 691–92 (App.1999) (internal quotations and citations omitted). In amending A.R.S. § 23–1021, the legislature promulgated a new standard for noncompensability. Section 23–1021(C) and (H)(2) explicitly provide that an employee cannot recover workers' compensation benefits if his intoxication is more than a slightly contributing factor to the incident. Given that statutory language, it is irrelevant for purposes of applying A.R.S. § 23–1021(C) whether a work-related activity was one cause of the injury. If the alcohol or use of an unlawful substance was anything more than a slight contributing cause of the injury, then the claim is not compensable.

¶ 17 The record here was sufficient for the ALJ to determine that Komalestewa was impaired by his use of alcohol and that his impairment was a substantial contributing cause of his injury.[3] It is undisputed that Komalestewa's BAC was at least 0.176 at the time of the injury. In addition, the Carrier's expert witness testified unequivocally that Komalestewa's level of intoxication was much

---

2. Citing *Ortiz v. Clinton,* 187 Ariz. 294, 928 P.2d 718 (App.1996), Komalestewa argues that the abandonment standard for noncompensability still applies despite the above amendments. We disagree.

 *Ortiz* involved a civil suit between two employees, not a workers' compensation claim, and is inapposite. 187 Ariz. at 296, 928 P.2d at 720. The issue presented was whether the defendant, who was driving the company van on company business while intoxicated, was acting in the course of his employment. *Id.* at 295, 928 P.2d at 719. This court affirmed a summary judgment for the defendant that he was acting in the course of his employment, thus limiting plaintiff's remedy to one for workers' compensation under A.R.S. § 23–1022(A). *Id.* at 300, 928 P.2d at 724. Although we relied in part on the above

abandonment cases, the case did not require a determination whether *Ortiz* was entitled to workers' compensation and did not apply or even reference A.R.S. § 23–1021(C). Moreover, *Ortiz* was decided before the legislature enacted A.R.S. § 23–1021(H)(2).

3. We presume without deciding that A.R.S. § 23–1021(C) creates an affirmative defense and that a carrier or employer has the burden of proving that an employee was impaired by alcohol consumption at the time of injury and that this impairment was a substantial contributing cause of that injury. *Cf. DKI Corp. v. Indus. Comm'n,* 169 Ariz. 357, 362, 819 P.2d 943, 948 (App.1991) (explaining that "a defendant must plead and prove" an affirmative defense), *vacated in part on other grounds,* 173 Ariz. 535, 845 P.2d 461 (1993).

"more than a slight contributing cause" of the accident. He testified that such a degree of intoxication not only impaired Komalestewa's critical judgment, but also substantially contributed to the accident's occurrence.

¶ 18 Adams, the Employer's plant manager, testified he was aware that employees sometimes pushed the conveyor belt in order to keep it going. Komalestewa's co-worker, Kisko, also testified (in contradiction to Adams) that he was aware that it was necessary to push the conveyor belt "practically every day." However, Adams testified that Komalestewa was not pushing the conveyor belt in the recommended fashion. Thus, although pushing the belt appears to have been a common practice of employees, and although Komalestewa testified that he was pushing the belt on the day of the accident in a manner he had previously observed, sufficient testimony was presented by Adams and Collier to support the ALJ's determination.

¶ 19 Despite the presence of contrary testimony by Mrs. Komalestewa and several of Komalestewa's co-employees, the ALJ's acceptance of Collier's expert opinion, as well as his discounting of Adams' and Kisko's controverting testimony as to signs of inebriation, met the statutory requirements under A.R.S. § 12–1021(C). The ALJ is "the sole judge of the witnesses' credibility." *Phelps v. Indus. Comm'n,* 155 Ariz. 501, 506, 747 P.2d 1200, 1205 (1987). We will not set aside the ALJ's findings of fact as long as there is any reasonable basis for such findings in the record. *Arthur G. McKee & Co. v. Indus. Comm'n,* 24 Ariz.App. 218, 222, 537 P.2d 603, 607 (1975). Where, as here, the hearing officer receives live testimony and observes the witnesses, we will sustain the award if any credible evidence supports it. *T.W.M. Custom Framing v. Indus. Comm'n,* 198 Ariz. 41, 48, ¶ 22, 6 P.3d 745, 752 (App. 2000).

## II. The Constitutionality of A.R.S. § 23–1021(C)

¶ 20 Having determined that A.R.S. § 23–1021(C) renders Komalestewa ineligible for workers' compensation benefits, we must now determine whether the statute as applied to Komalestewa violates Article 18, Section 8, of the Arizona Constitution.[4] Article 18, Section 8 provides in relevant part:

> The Legislature shall enact a Workmen's Compensation Law ... by which compensation shall be paid to any such workman, in case of injury ... if in the course of such employment personal injury to ... any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof....

¶ 21 Citing this court's recent decision in *Grammatico* that A.R.S. § 23–1021(D) violates Article 18, Section 8, by restricting legal causation, Komalestewa similarly contends that A.R.S. § 23–1021(C) and (H)(2) are unconstitutional as applied in this case because the "introduc[tion of] the concept of fault at the compensability stage of an industrial claim is inconsistent with Arizona case law and the no fault aspect of workers' compensation claims."

¶ 22 The worker in *Grammatico* was injured when he fell while performing work on drywall stilts, breaking his right wrist and left knee. 208 Ariz. at 11, ¶ 2, 90 P.3d at 212. Grammatico admitted that he smoked marijuana and ingested methamphetamine in the two days before the workplace accident. *Id.* at 11, ¶ 3, 90 P.3d at 212. He subsequently tested positive for carboxy THC (a marijuana metabolite), methamphetamine and amphetamine (a methamphetamine metabolite). *Id.* The ALJ applied A.R.S. § 23–1021(D)(1) and found Grammatico's claim noncompensable because Grammatico had failed to prove that his use of unlawful controlled substances was not a contributing cause of his injuries.[5] *Id.* at 12, ¶ 5, 90 P.3d at 213.

---

4. After *Grammatico* was filed, we directed the parties to file supplemental briefs addressing the constitutionality of A.R.S. § 23–1021(C).

5. Section 23–1021(D) provides, in relevant part:

> [I]f the employer has established a policy of drug testing or alcohol impairment testing ... an employee's injury or death shall not be considered a personal injury by accident arising out of and in the course of employment

¶ 23 On special action review, another panel of this court agreed with Grammatico's argument that A.R.S. § 23–1021(D) violated Article 18, Section 8 by "restricting" legal causation, which is the requirement embodied in the Constitution that a claimant demonstrate that the accident arose out of and in the course of employment:

> By denying compensation to a claimant who fails to pass, refuses to cooperate with, or refuses to take a qualified alcohol or drug impairment test, unless the claimant proves that the alcohol or drug use did not contribute to the industrial accident, § 23–1021(D) imposes a restriction on legal causation that conflicts with Article 18, Section 8, of the constitution. Specifically, the injured worker is denied compensation for injuries unless he demonstrates that a necessary risk or danger of his employment *wholly* caused the industrial accident. If alcohol or drug use contributed to the accident, § 23–1021(D) denies compensation to the claimant, even if a necessary risk or danger of employment partially caused or contributed to the accident.

*Id.* at 13–14, ¶ 13, 90 P.3d at 214–15 (emphasis in original).

¶ 24 We agree with *Grammatico's* premise that the Legislature is prohibited from enacting any legislation that alters the concept of legal causation in a manner that "conflicts" with Article 18, Section 8. *Id.* at 13, ¶ 8, 90

P.3d at 214. However, we do not believe that the Legislature is thereby precluded from regulating *necessary* versus *unnecessary* employment-related risks, and determining the latter to be noncompensable. We therefore respectfully disagree with *Grammatico* to the extent that it holds otherwise.[6]

■ ¶ 25 "The test to be applied in accidents mentioned in the constitutional mandate to determine whether they arise out of the employment is, were they caused in whole or in part, or contributed to by a *necessary* risk or danger of the employment, or *inherent* in its nature.... The standard [is] was the risk or danger necessary or inherent in the employment." *Goodyear Aircraft Corp. v. Indus. Comm'n*, 62 Ariz. 398, 409, 158 P.2d 511, 516 (1945) (emphasis in original). Article 18, Section 8 provides no specific guidance on whether an otherwise necessary risk undertaken in the course of employment ceases to be "necessary" and no longer arises out of employment when an employee's intoxication substantially contributes to his personal injury. Because Article 18, Section 8 is silent regarding the topic, we perceive no constitutional impediment to the legislative determination expressed in A.R.S. § 23–1021(C) that employers and the taxpayers of this state should not be required to compensate impaired employees who are injured due to their use of alcohol or unlawful use of a controlled substance.[7] *See South-*

---

and is not compensable pursuant to this chapter, if the employee of such an employer fails to pass, refuses to cooperate with or refuses to take a drug test for the unlawful use of any controlled substance proscribed by title 13, chapter 34 ... that is administered by or at the request of the employer not more than twenty-four hours after the employer receives actual notice of the injury, unless the employee proves any of the following: 1. The employee's use of alcohol or ... any unlawful substance proscribed by title 13, chapter 34 was not a contributing cause of the employee's injury or death. 2. The ... employee's alcohol concentration was lower than ... would constitute a violation of § 28–1381, subsection A and would not create a presumption that the employee was under the influence of intoxicating liquor [0.08 blood alcohol content].... 3. The drug test or alcohol impairment test used cutoff levels ... that were lower than the cutoff levels prescribed at the time of the testing for transportation workplace drug and alcohol testing programs under [federal regulations].

6. *Grammatico* is arguably distinguishable because A.R.S. § 23–1021(D) presumes the existence of a causal connection between drug use and the employee's injury. To avoid the statutory bar, the employee must prove that "use of alcohol or [ ] an unlawful substance proscribed by title 13, chapter 34 was not a contributing cause of the employee's injury or death." A.R.S. § 23–1021(D)(1). The core issue in both cases, however, is whether the Legislature can bar compensation benefits to workers whose injuries are caused, at least in part, by alcohol or illegal drug use without running afoul of Article 18, Section 8.

7. As noted by the dissent in *Grammatico*, testimony was presented to the Senate that illegal drug use resulted in a "360% increase in 'on-the-job-accidents.' " 208 Ariz. at 17, ¶ 30, 90 P.3d at 218 (Barker, J. dissenting).

*west Coop. Wholesale v. Superior Court*, 13 Ariz.App. 453, 458, 477 P.2d 572, 577 (1971) ("The legislature has plenary power to legislate in the area of workmen's compensation, provided only that it does not transgress a constitutional limitation.").

¶ 26 The majority in *Grammatico* took a different tack, contending that A.R.S. § 23–1021(D) contravened Article 18, Section 8, by denying an injured worker compensation unless he "demonstrates that a necessary risk or danger of his employment *wholly* caused the industrial accident." *Id.* at 14, ¶ 13, 90 P.3d at 215. According to the majority, the relevant risk was that Grammatico had to perform his work on drywall stilts. *Id.* at 14, ¶ 14, 90 P.3d at 215. Because that risk was "necessary," Grammatico was constitutionally entitled to compensation for any injury to which that risk contributed, even if only in small part, regardless of any other circumstances. *Id.* at 14, ¶ 15, 90 P.3d at 215. In contrast, the dissenting judge identified the relevant risk as that *actually* created by the entirety of Grammatico's conduct of walking on stilts while under the influence of illegal drugs: "The question here is whether performing a required task at work while under the influence of illegal substances is a 'necessary risk' of employment." *Id.* at 18, ¶ 36, 90 P.3d at 219 (Barker, J. dissenting).

¶ 27 Our perspective differs from that of the *Grammatico* majority in that we believe, as did the dissenting judge, that Article 18, Section 8 permits the Legislature to consider the entirety of the employee's conduct in distinguishing between necessary and unnecessary employment-related risks. An illustration may help make the point. Assume that, instead of drug use, Grammatico's impairment was that, in a moment of tomfoolery, he attempted to show his co-workers

that he could walk on stilts while blindfolded. If Grammatico sustained an injury under such circumstances, it would almost certainly be noncompensable pursuant to case law as not occurring "in the course of" employment. *See Anderson Clayton & Co. v. Indus. Comm'n*, 125 Ariz. 39, 41–42, 607 P.2d 22, 24–25 (App.1979). Similarly, if the origin or cause of the injury is one "arising out of" intoxication rather than a necessary employment risk, Article 18, Section 8 does not mandate the compensability of such injuries.

¶ 28 We believe our approach gives full recognition to the principle that legislative enactments bear a strong presumption of constitutionality, *see, e.g., Lapare*, 154 Ariz. at 321, 742 P.2d at 822, and also fulfills our corresponding duty to harmonize constitutional provisions and statutes when possible, *Kilpatrick v. Superior Court*, 105 Ariz. 413, 416, 466 P.2d 18, 21 (1970) ("Where there is doubt in the legislative language, it is the court's duty to reconcile the language with the constitutional provision, and construe the statute in such a manner that it will be constitutional if possible.") (Citations omitted.) *Grammatico*, by interpreting the Constitution to protect from legislative encroachment the *right* of a worker whose intoxication or illegal use of controlled substances substantially contributes to his injury to collect compensation benefits,[8] is incompatible with our duty to harmonize the Act with Article 18, Section 8.

¶ 29 Finally, although we do not lightly dismiss the *Grammatico* majority's concern that A.R.S. § 23–1021(D) "injects fault into the no-fault workers' compensation system," *Grammatico*, 208 Ariz. at 15, ¶ 20, 90 P.3d at 216, we note that the majority of states have statutes similar to A.R.S. § 23–1021(C).[9] Although the requisite causal connection be-

---

8. We are not persuaded by the majority's observation that its holding is "consistent" with other Arizona cases that have concluded that an employee's intoxication does not bar workers' compensation benefits. *Grammatico*, 208 Ariz. at 14, ¶ 15 n. 5, 90 P.3d at 215 n. 5. The four cases cited by the majority, and all similar Arizona cases that our research has disclosed, were interpreting previous workers' compensation *statutes* that, unlike A.R.S. § 23–1021(C) and (D), did not bar compensation when the injury occurred due to intoxication. *See, e.g., King v. Alabam's*

*Freight Co.*, 38 Ariz. 205, 220, 298 P. 634, 639 (1931) ("It should be kept in mind that the Compensation Act of this state, unlike that of nearly two-thirds of the states of the Union, does not make intoxication ... a bar to compensation."). Hence, they lend no support for *Grammatico's* constitutional holding.

9. *See* Larson & Larson, *Larson's Workers' Compensation Law*, § 36.03[1] (2004) (listing jurisdictions).

tween the intoxication and the injury varies depending on the statute,[10] the common theory underlying these statutes is that recovery is barred based on a lack of *causation* rather than an attribution of *fault:*

> In short, the law has evolved in such a way that "fault" generally is no longer a consequence in Workmen's Compensation cases, but intoxication remains in the law as one carry-over aspect of "fault" which has been retained as a matter of legislative and public policy. More specifically, we consider the problem of intoxication not in the narrow perspective of "fault" per se, but more accurately in terms of causation.

*Inscoe v. DeRose Indus.,* 30 N.C.App. 1, 226 S.E.2d 201, 205–06 (1976). *See also, e.g., Garcia v. Naylor Concrete Co.,* 650 N.W.2d 87, 90 (Iowa 2002) ("For intoxication defense to apply, the intoxication must have been both the cause in fact of the injury and a substantial factor in producing it."); *Goebel v. Warner Transp.,* 612 N.W.2d 18, 22 (S.D.2000) (statute bars compensation for any injury proximately caused by intoxication).

¶ 30 Likewise, we are not persuaded that the denial of compensation benefits to workers whose injuries are caused in part by intoxication or illegal drug use is tantamount to injecting concepts of fault or contributory negligence into the workers' compensation scheme in violation of Article 18, Section 8. Our conclusion is supported by the distinction noted by Larson between compensable epileptic fall cases and noncompensable drunken fall cases:

> In the former, the conduct of the employee in going upon the girder or getting into the boat is itself *perfectly proper and reasonable,* while in the latter, *the train of causa-*

*tion of injury begins not with the fall, but with the act of the employee in going onto the girder or getting into the boat while drunk.* By starting the chain of causation at that point, it is possible to say that the intoxication is the sole cause of the injury.[11]

Larson at § 36.03[5] (emphasis added). Larson's "train of causation" analogy applies with even greater force in Arizona given that our Constitution does not require the Legislature to enact a compensation scheme protecting against *unnecessary* risks.

¶ 31 In summary, considering the entirety of the relevant constitutional language ("any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof"), we perceive no conflict between Article 18, Section 8 and the legislative determination expressed in A.R.S. § 23–1021(C) that an employee whose intoxication substantially contributes to a work-related injury is barred from receiving compensation benefits.

## CONCLUSION

¶ 32 Pursuant to A.R.S. § 23–1021(C) and (H)(2), a claim is not compensable if the injured worker's alcohol or substance abuse impairment is "anything more than a slight contributing cause" of the injury. In light of the evidence presented, the record was sufficient for the ALJ to find that the Carrier and Employer met their burden of proving that Komalestewa's intoxication was a substantial contributing factor to his injury. We further conclude that A.R.S. § 23–1021(C) and (H)(2)

---

10. The various causal relationships required by different states' statutes are discussed in Larson at § 36.03[1]-[5], including requirements that the intoxication be the *proximate cause,* the *sole cause,* a *substantial factor* in causing, or the *direct cause.*

11. One of the two cases referred to by Larson is *Shearer v. Niagara Falls Power Co.,* in which the New York Court of Appeals stated, in connection with the claim for a bridge worker who fell from a girder while intoxicated:

> Doubtless many cases may be suggested where intoxication has little or no relation to the injury; where the sober and drunk are alike

exposed to the risk. The greater the added danger from intoxication, the greater the duty to keep sober.... Here death was due to the fall from the bridge girder, but if the fall was due solely to the intoxication of the employee the case does not come under the act.... If the [New York State Industrial Board] reaches the conclusion on the evidence that Shearer was drunk at a place where if he fell he would probably be killed, and that he fell owing to his drunkenness, compensation should be denied. *Shearer v. Niagara Falls Power Co.,* 242 N.Y. 70, 150 N.E. 604, 605 (1926).

are a valid exercise of the state's police powers and do not violate Article 18, Section 8, of the Arizona Constitution. We therefore affirm the award and decision.

CONCURRING: SHELDON H. WEISBERG, Judge and ANDREW W. GOULD, Judge Pro Tempore.[12]